# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FADIL DELKIC,      )
      )
      Plaintiff,   )
v.      )    **CASE NO:**
      )    **1:07–CV–1864–BBM**
VLADIMIR DJURDJEV,      )
Individually and/or d/b/a      )
UNITED CARGO, INC., or d/b/a      )
MARUNTE TRUCKING, INC., or      )
d/b/a UNITED 2 LOGISTICS,      )
INC., and/or d/b/a JOHN DOE      )
COMPANY and/or JOHN DOE      )
CORPORATION, AND      )
BOJAN ("BOB") PANIC, Individually      )
and/or d/b/a UNITED CARGO, INC.,      )
or d/b/a MARUNTE TRUCKING, INC.,      )
or UNITED 2 LOGISTICS, INC.,      )
and/or d/b/a JOHN DOE COMPANY      )
and/or JOHN DOE CORPORATION,      )
      )
      Defendants.   )

## MOTION TO DISMISS COMPLAINT AND REQUEST FOR ATTORNEY'S FEES

Comes now Defendants, Vladimir Djurdjev ("Djurdjev"); and Bojan Panic ("Panic," collectively "Defendants"); appearing individually and appearing specially for the purpose of contesting jurisdiction and pursuant to Fed. R. Civ. P.

1

12b (1-6), by and through counsel of record, without waiving and reserving all other defenses available, hereby file this Motion to Dismiss Fadil Delkic's Complaint and Jury Demand ("Complaint"), and for Attorney's Fees and Expenses pursuant to O.C.G.A. § 9-15-14. Defendants assert that the Complaint should be dismissed because of insufficiency of process, insufficiency of service of process, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue and forum non conveniens. In support of this Motion, Defendants rely on their Memorandum of Law attached hereto.

Respectfully submitted, this 2nd day of January 2008.

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: |
| | ) | 1:07–CV–1864–BBM |
| | ) | |
| VLADIMIR DJURDJEV, | ) | |
| Individually and/or d/b/a | ) | |
| UNITED CARGO, INC., or d/b/a | ) | |
| MARUNTE TRUCKING, INC., or | ) | |
| d/b/a UNITED 2 LOGISTICS, | ) | |
| INC., and/or d/b/a JOHN DOE | ) | |
| COMPANY and/or JOHN DOE | ) | |
| CORPORATION, AND | ) | |
| BOJAN ("BOB") PANIC, Individually | ) | |
| and/or d/b/a UNITED CARGO, INC., | ) | |
| or d/b/a MARUNTE TRUCKING, INC., | ) | |
| or UNITED 2 LOGISTICS, INC., | ) | |
| and/or d/b/a JOHN DOE COMPANY | ) | |
| and/or JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia,

the undersigned counsel of record for Defendants hereby certifies that this pleading

has been composed in Times New Roman 14-point font.

***SIGNATURE ON FOLLOWING PAGE***

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FADIL DELKIC,     )
           )
   Plaintiff,   )
v.          )  CASE NO:
           )  1:07–CV–1864–BBM
           )
VLADIMIR DJURDJEV,   )
Individually and/or d/b/a   )
UNITED CARGO, INC., or d/b/a )
MARUNTE TRUCKING, INC., or )
d/b/a UNITED 2 LOGISTICS,  )
INC., and/or d/b/a JOHN DOE  )
COMPANY and/or JOHN DOE  )
CORPORATION, AND    )
BOJAN ("BOB") PANIC, Individually )
and/or d/b/a UNITED CARGO, INC., )
or d/b/a MARUNTE TRUCKING, INC., )
or UNITED 2 LOGISTICS, INC.,  )
and/or d/b/a JOHN DOE COMPANY )
and/or JOHN DOE CORPORATION, )
           )
   Defendants.   )

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I have electronically filed the

**Motion to Dismiss Complaint** with the Clerk of Court using the CM/ECF system

which will automatically send e-mail notification of such filing to the following

attorney of record:

Ralph J. Villani
Attorney for Plaintiff
2055-C Scenic Hwy., N.
Suite 404
Snellville, Georgia 30078
law2001@bellsouth.net

This 2nd day of January 2008

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: |
| | ) | 1:07–CV–1864–BBM |
| VLADIMIR DJURDJEV, | ) | |
| Individually and/or d/b/a | ) | |
| UNITED CARGO, INC., or d/b/a | ) | |
| MARUNTE TRUCKING, INC., or | ) | |
| d/b/a UNITED 2 LOGISTICS, | ) | |
| INC., and/or d/b/a JOHN DOE | ) | |
| COMPANY and/or JOHN DOE | ) | |
| CORPORATION, AND | ) | |
| BOJAN ("BOB") PANIC, Individually | ) | |
| and/or d/b/a UNITED CARGO, INC., | ) | |
| or d/b/a MARUNTE TRUCKING, INC., | ) | |
| or UNITED 2 LOGISTICS, INC., | ) | |
| and/or d/b/a JOHN DOE COMPANY | ) | |
| and/or JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Comes now Defendants, Vladimir Djurdjev ("Djurdjev") and Bojan Panic

("Panic," collectively "Defendants"), by and through counsel of record, hereby file

this Memorandum of Law in support of their Motion to Dismiss showing this

Honorable Court the following:

1

## FACTS

On August 7, 2007, Plaintiff Fadil Delkic ("Plaintiff") filed a Complaint and Jury Trial Demand ("Complaint") against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division.  (*See* Complaint.) Plaintiff is a resident of the State of Georgia.  Djurdjev and Panic are both residents of the State of Illinois.

Plaintiff failed to timely serve Defendants.  On December 12, 2007, more than four months after Plaintiff filed the Complaint, this Court issued an Order to Show Cause to Plaintiff to show why Defendants had not been served.  (*See* Order to Show Cause.)  Plaintiff responded to the Court on December 15, 2007, but failed to address the Court's Order to Show Cause as to why Defendants had not been served in a timely manner.  (*See* Plaintiff's Response to Order to Show Cause/ Notice of Service upon Defendants.)  Plaintiff merely stated that Defendants had been served, but that return of service would not be possible for at least 30 days. (*See* Plaintiff's Response to Order to Show Cause/ Notice of Service upon Defendants, Exhibit 3.)

## ARGUMENT AND CITATION OF AUTHORITIES

### A.

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS

Defendants challenge the sufficiency of process and the sufficiency of service of process in this matter under Fed. R. Civ. P. 12(b)(4-5) and pursuant to Fed. R. Civ. P. 4(k) and (m). Defendants respectfully request that this Complaint be dismissed.

Fed. R. Civ. P. 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Under Fed. R. Civ. P. 4(m), the court will extend the time for service "if the plaintiff shows good cause for the failure." Here, Plaintiff has failed to serve Defendants within the 120 day period required by Rule 4(m). Plaintiff's Complaint was filed with the Court on August 7, 2007. Defendants were not served until December 12, 2007, the same date this Court issued its Order to Show Cause. 127 days passed from the filing of the Complaint until Defendants were served, in violation of Rule 4(m).

3

Plaintiff has failed to show good cause to the Court why a time extension should be granted. In fact, Plaintiff failed to show any cause whatsoever as to why service was not completed within the time frame proscribed by Fed. R. Civ. P. 4(m). When the Court ordered Plaintiff to show cause why the Complaint should not be dismissed, Plaintiff's only explanation was that Plaintiff "was assured that said service would be effected on or before December 4, 2007." (Plaintiff's Response to Order to Show Cause, p. 1). Plaintiff has failed to give any evidence that he made any effort whatsoever to serve Defendants in the four months before December 4, 2007.

In *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81 (3rd Cir. 1987), *cert. denied,* 108 S.Ct. 455, 484 U.S. 965 (1987), the Court stated that "half-hearted" efforts by counsel to serve defendants would not excuse a dismissal of the case for failure to timely serve the defendants. 820 F.2d at 84. Also, the Court stated that "when there is a lack of diligent effort to ensure timely service of process, an extension of the time for service may be refused." *Id.* Plaintiff's efforts to serve Defendants have been "half-hearted" and there has been no diligent effort to timely effect service.

Furthermore, Plaintiff has failed to move the Court for an extension of time in which to serve Defendants. Federal Courts have recognized that a failure of

plaintiff's counsel to move for an extension of time on its own is "evidence of lack

of diligence." *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D.Md. 1986).

Therefore,

The Complaint **must** be dismissed against Defendants in accordance with

Rule 4(m).

In addition, Plaintiff has attempted to serve Defendants beyond the territorial

limits of the District Court of the Northern District of Georgia. Fed. R. Civ. P. 4(k)

allows service of a summons on a party where the party is subject to the

jurisdiction of a court of general jurisdiction in the state where the district court is

located. Defendants are not subject to the general jurisdiction of the courts of

Georgia and service of the summons was improper. Therefore, the Complaint

should be dismissed.

### B.

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The District in the Northern District of Georgia Court does not have subject

matter jurisdiction over the Defendants in this action, and accordingly, Defendants

respectfully request that this Complaint be dismissed against Defendants.

Plaintiff claims that subject matter jurisdiction exists over Defendants

because of diversity of citizenship and because the amount in controversy exceeds

$75,000. While on the face of Plaintiff's Complaint the parties are diverse, the amount in controversy clearly does not meet the $75,000 threshold.

28 U.S.C. § 1332 provides in part that the district courts shall have original jurisdiction over all civil actions where the parties are "citizens of different states," and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a).

Even though Plaintiff contends that the amount in controversy exceeds the Court's $75,000 subject matter jurisdictional requirement, Plaintiff's own Complaint clearly shows that the amount in controversy does not exceed $75,000. **Plaintiff alleges damages of no more than $58,910.00** (Complaint, ¶ 96, emphasis added). Accordingly, Plaintiff's claims do not exceed the amount in controversy required to trigger subject matter jurisdiction under federal law.

Plaintiff also claims subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1341(a)(3). Plaintiff is erroneous in claiming subject matter jurisdiction under § 1341(a)(3). 28 U.S.C. § 1341(a)(3) does not exist. Further, there is no federal question here under § 1331 because Plaintiff has not asserted a right that arises under federal law. "In order to invoke federal jurisdiction under section 1331, a plaintiff's claim must be based on some federal law independent of that statute." *U.S. on behalf of F.T.C. v. Larkin, Hoffman, Daly and Lindgren, Ltd.*, 841 F.Supp.

6

899 (D.Minn. 1993); *referring to* Merrell Dow Pharmaceuticals v. Thompson, 478

U.S. 804, 106 S.Ct. 3229, (1986).   Plaintiff has not based his assertion of subject

matter jurisdiction on any valid law other than § 1331, and therefore the

requirements for subject matter jurisdiction are not satisfied.

Plaintiff also bases several state law claims against Defendants pursuant to

28 U.S.C. § 1367, which allows for supplemental jurisdiction of those state court

claims if the claims are so related that they form part of the same case or

controversy as the primary claims.   However, the court must initially have

jurisdiction pursuant to 28 U.S.C. § 1331.   Since, as previously established, subject

matter jurisdiction pursuant to 28 U.S.C. § 1331 does not exist, this Court may not

maintain subject matter jurisdiction over the pendant state claims.

## C.

### THIS CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER NONRESIDENT DEFENDANTS

It is the Plaintiff's burden, as the party invoking the jurisdiction of the

federal court, to set forth the facts which establish the court's personal jurisdiction

over the defendant. *See e.g., Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.

1990); *Posner v. Essex Insurance Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999);

*Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 626, (11th Cir. 1994).   Plaintiff has

failed to meet this burden.  Plaintiff admits that the Defendants reside and are headquartered in Illinois. (Complaint, ¶¶ 5-10).   However, Plaintiff bases his claim of personal jurisdiction solely upon the fact that he is a resident in Georgia. (Complaint, ¶ 4).  Neither federal law nor the laws of the State of Georgia provide for personal jurisdiction based solely upon the plaintiff's residence.   Accordingly, this case should be dismissed for lack of personal jurisdiction over the nonresident Defendants.

### D.

### THE  COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE

This case must also be dismissed because of improper venue.  Defendants are residents of the State of Illinois.   Plaintiff asserts that venue is proper in the District Court for the Northern District of Georgia because "Plaintiff resides within this Court's judicial district and within the physical boundaries of the Atlanta Division thereof."  (Complaint, ¶ 3).   As in the case of establishing personal jurisdiction, neither federal law nor the laws of the State of Georgia provide that mere residence of the plaintiff is sufficient to establish venue.  Plaintiff has failed to set forth any facts whatsoever to establish this Court as the appropriate venue. Accordingly, Defendants respectfully request that this case be dismissed.

### E.

## THIS CASE SHOULD BE DISMISSED
## BASED ON FORUM NON CONVENIENS

A federal court has discretion to dismiss on *forum non conveniens* grounds "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller,* 510 U.S. 443, 447-448, 114 S.Ct. 981, 127 L.Ed.2d 285. Such a dismissal reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1.   In this situation, all of the Defendants are residents of Illinois, material witnesses would be located in Illinois, and any applicable documents would be located in Illinois.

**F.**

## DEFENDANTS SHOULD BE AWARDED ATTORNEY'S FEES AND COSTS OF LITIGATION

Pursuant to O.C.G.A. § 9-15-14(b),

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action … that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct …. As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious.

In addition, attorney's fees and costs are proper where the opposing party was "stubbornly litigious," put the party to "unnecessary trouble and expense," or "acted in bad faith." *Blank v. Preventive Health Programs, Inc.*, 504 F.Supp. 416, 421 (S.D.Ga. 1980). Only one of these conditions need be established to recover attorney's fees and costs of litigation. *Id.*

Here, Defendants have expended extensive time, resources, and money in defending Plaintiff's frivolous action against them. Plaintiff filed suit on August 7, 2007, but failed to serve any of the Defendants until more than four months thereafter. On December 12, 2007 the Court issued an Order to Show Cause in order to find out why Plaintiff had not served

10

Defendants. Even though Plaintiff claimed that Defendants had been served by December 12, 2007, effective return of service had not been entered with the Court. This inexcusable failure of Plaintiff to timely effect service and return of service puts Defendants to unnecessary trouble and expense. Therefore, Defendants should be awarded reasonable attorney's fees, and expenses and costs of litigation.

Furthermore, Plaintiff filed this case against non-resident Defendants in a Court that lacks personal jurisdiction and subject matter jurisdiction. There is absolutely no basis set forth in Plaintiff's Complaint to establish either jurisdiction or venue.

## **CONCLUSIONS**

Wherefore, Defendants seek an Order Dismissing Plaintiff's Complaint against Defendants based upon insufficient service, insufficient service of process, lack of subject matter jurisdiction, lack of personal jurisdiction and forum non conveniens. Furthermore, Defendants request the awarding of attorneys fees and costs of this litigation.

Respectfully submitted, this 2nd day of January 2008.

> s/ Salmeh Fodor, Esq.
> Attorney Bar No. 141464
> Attorney for Vladimir Djurdjev
> and Bojan Panic.
> Marchman & Kasraie, LLC
> 1755 The Exchange, Suit 339
> Atlanta, GA 30339
> Phone: (678) 904-0085
> Fax: (770) 874-0344
> Email:  SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FADIL DELKIC,                  )
                                         )
         Plaintiff,        )
v.                          )      CASE NO:
                                       )      1:07–CV–1864–BBM
VLADIMIR DJURDJEV,      )
Individually and/or d/b/a      )
UNITED CARGO, INC., or d/b/a   )
MARUNTE TRUCKING, INC., or   )
d/b/a UNITED 2 LOGISTICS,     )
INC., and/or d/b/a JOHN DOE     )
COMPANY and/or JOHN DOE     )
CORPORATION, AND          )
BOJAN ("BOB") PANIC, Individually )
and/or d/b/a UNITED CARGO, INC., )
or d/b/a MARUNTE TRUCKING, INC., )
or UNITED 2 LOGISTICS, INC.,    )
and/or d/b/a JOHN DOE COMPANY  )
and/or JOHN DOE CORPORATION,  )
                                       )
        Defendants.      )

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia,

the undersigned counsel of record for Defendants hereby certifies that this pleading

has been composed in Times New Roman 14-point font.

*SIGNATURE ON FOLLOWING PAGE*

13

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suit 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FADIL DELKIC,                              )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )      CASE NO:
                                           )      1:07–CV–1864–BBM
VLADIMIR DJURDJEV,                         )
Individually and/or d/b/a                  )
UNITED CARGO, INC., or d/b/a               )
MARUNTE TRUCKING, INC., or                 )
d/b/a UNITED 2 LOGISTICS,                  )
INC., and/or d/b/a JOHN DOE                )
COMPANY and/or JOHN DOE                    )
CORPORATION, AND                           )
BOJAN ("BOB") PANIC, Individually          )
and/or d/b/a UNITED CARGO, INC.,           )
or d/b/a MARUNTE TRUCKING, INC.,           )
or UNITED 2 LOGISTICS, INC.,               )
and/or d/b/a JOHN DOE COMPANY              )
and/or JOHN DOE CORPORATION,               )
                                           )
          Defendants.                      )

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I have electronically filed the

**Memorandum of Law in Support of Motion to Dismiss** with the Clerk of Court

using the CM/ECF system which will automatically send e-mail notification of

such filing to the following attorney of record:

15

Ralph J. Villani
Attorney for Plaintiff
2055 Sceni c Hwy., N.
Snellville, Georgia 30078
law2001@bellsouth.net

This 2nd day of January 2008

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suit 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com