IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC, | ) |
|     Plaintiff, | ) CIVIL ACTION FILE |
| vs. | ) NO.:  1:07-cv-1864-BBM |
| VLADIMIR DJURDJEV, BOJAN ("BOB") PANIC, *ET AL.*, | ) *Hon Beverly B. Martin, Presiding* |
|     Defendants. | ) *MOTION* |

<u>SECOND MOTION FOR LEAVE TO AMEND, CLARIFY AND/OR SUPPLEMENT
COMPLAINT AND PRAYERS FOR RELIEF AND AUTHORITY THEREFOR
("THIRD MOTION")</u>

Plaintiff, for the second time, moves this Court for leave to amend, clarify and/or supplement his complaint, attaches subject second amended complaint, attaches an additional proposed order for this Court's review and approval and shows this Court as follows:

1.  Plaintiff filed his Complaint on August 7, 2007.

2.  Defendants were duly and properly served by Cook County, IL, Sheriff Deputies on December 12, 2007.

3.  Defendants, *in lieu* of filing an Answer or Defenses, filed their instant *Motion to Dismiss Complaint and Request For Attorney's Fees* [Doc 6] ("Motion and Request").

4.  On or about January 18, 2008, Plaintiff filed a motion for an expansion of time to respond to Defendants' Motion and Request up to and through February 4, 2008 [Doc. 8] ("First

Motion").

5. Plaintiff files this his *Third Motion* (second motion, in part, to amend his complaint) this day and Plaintiff's First Motion and Second Motion are still pending before this Court.

6. In order to fully respond to Defendants' Motion and Request, Plaintiff requests that he be allowed to amend, clarify and/or otherwise supplement his Complaint in order, in part, to use said Complaint, as twice-amended in his Response.

7. For the within reasons, this Court should grant Plaintiff's Second Motion and his Third Motion and allow him up to amend, or otherwise clarify and/or supplement his original complaint and his original prayers for relief (as outlined herein and in his Second Motion now before this Court).

Argument and Citation to Authority:

This Court has the inherent and equitable power to control matters before it and as a nine (9) business day delay in service for the reasons previously stated and incorporated herein, will not prejudice Defendants, this Court is authorized to grant Plaintiff's request for the additional time and grant Plaintiff's two motion to amend his complaint (both addressing different issues brought up by Defendants in their *Motion and Request*).

The Eleventh Circuit has determined that such amendments must be liberally granted unless there is severe, undue prejudice

to Defendants (and Defendant shave show no such *sever, undue prejudice* to this Court, as required).

> After a responsive pleading has been filed, subsequent amendments are permissible only with leave of court, which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This liberal policy of allowing amendments under Rule 15(a) "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner,* 868 F.2d at 407; *see also Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir.1993) (holding that "a justifying reason *must be apparent* for denial of a motion to amend") (emphasis added).

<u>Motorcity of Jacksonville, Ltd. By and Through Motorcity of Jacksonville, Inc. v. Southeast Bank, N.A.</u>, 83 F.3d 1317 (C.A.11 (Fla.),1996) *reversed, in part, on other grounds*, <u>Hess v. F.D.I.C.</u>, 519 U.S. 1087 (117 S.Ct. 760) (136 L.Ed.2d 708) (65 USLW 3500) (65 USLW 3505) (U.S. Jan 21, 1997) (NO. 96-106).

As there is <u>no</u> prejudice whatsoever to Defendants if this Court allows Plaintiff to amend, clarify and/or otherwise supplement his original Complaint and his Amended Complaint as enumerated herein and as previously enumerated (<u>see</u>, his "Second Motion"), this Court must allow Plaintiff such leave to amend.

Said two *Amended Complaints* (*e.g.*, Plaintiff's *Second Motion* and this instant motion) are incorporated by reference herein.

WHEREFORE, Plaintiff prays that this Court GRANT his within and foregoing Third Motion (and his previously filed Second Motion) for the reasons stated herein (and as stated in his Second Motion), allow Plaintiff leave to amend, clarify and/or

otherwise supplement his original Complaint and Amended Complaint and allow him to use said Complaint, as twice-amended, in part, in his Response to Defendants' pending Motion and Request and for such other and further relief this Court deems fair, just and equitable.

Respectfully submitted,

This 3rd day of February, 2008.

*VILLANI & ASSOCIATES, P.C.*

/s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net

COUNSEL FOR PLAINTIFF

```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
_____
                           )
FADIL DELKIC,              )
                           )   CIVIL ACTION FILE
     Plaintiff,            )
                           )   NO.:  1:07-cv-1864-BBM
     vs.                   )
                           )
VLADIMIR DJURDJEV, BOJAN   )   Hon Beverly B. Martin, Presiding
("BOB") PANIC, ET AL.,     )
                           )
     Defendants.           )        MOTION
_____)
```

SECOND AMENDED COMPLAINT AND PRAYERS FOR RELIEF

COMES NOW Plaintiff, by and through his undersigned counsel, and hereby amends, clarifies and/or otherwise supplements his original Complaint and his Amended Complaint and shows this Court as follows:

Plaintiff's original Complaint and Prayers for Relief and Plaintiff's Amended Complaint are incorporated by reference herein as if they were originally written below.

Plaintiff amends, clarifies and/or otherwise supplements the *VENUE* section and Paragraph #3 of his original Complaint and of his Amended Complaint as follows:

*VENUE*

Initial Remarks:

Plaintiff's Affidavit (and verification) is attached hereto and incorporated by reference herein.

Plaintiff has chosen this venue for his claims against these

Defendants, as is his right, and, more specifically, because he, by law, has that right especially under the federal *Diversity* provisions and the facts surrounding his claims against these Defendants' for their illicit and/or illegal acts and omissions directed at him, the Defendants' contacts with Georgia (using and benefitting from the laws of Georgia and the protections afforded to them by said laws), as also provided, in part, by the Georgia Long-Arm Statute[1] and Defendants tortuous acts directed at Plaintiff, a Georgia resident and the 48 incidents of "entry into Georgia" by Defendants, as brokers for subject loads outlined in Plaintiff's attached and incorporated Affidavit (and verification) to further their criminal and/or tortuous fraud,

---

[1] Under, in part, the Georgia *Long arm Statute* personal jurisdiction of these Defendants is proper:

> A court of this state may exercise personal jurisdiction over any nonresident ..., as to a cause of action arising from any of the acts, omissions ... enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:
>
> (1) Transacts any business within this state; [or]
>
> (2) Commits a tortious act or omission within this state; ... [or]
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; ...

(Emphasis Supplied) O.C.G.A. § 9-10-91.

their schemes, their illicit and/or illegal activities and omissions, their racketeering activities and enterprise (Defendants under, in part, Georgia RICO, are and enterprise and should be consider as such by this Court).

3. Venue is proper in this Court, in part, as indicated in the *Initial Remarks* above, as sworn to by Plaintiff in his attached and incorporated Affidavit (and verification), as indicated in Plaintiff's Response to Defendants' *Motion and Request* (which is incorporated by reference herein) and, at all times relevant hereto, Plaintiff resided (and still resides) and his business location was (and still is) within this Court's judicial district and within the physical boundaries of the Atlanta Division thereof (note: at all times relevant hereto, Plaintiff works, and still works, out of his home in Snellville, Georgia when not on the road delivering or picking up loads). Thus, venue is proper in this Court and this case should remain with this Court.

**WHEREFORE**, Plaintiff prays that this case be tried in this Court before a jury of twelve and that this Court award him *Special damages* in the amount of at least $58,910.00, *treble RICO damages* in the amount of at least $29,730.00, *punitive damages* in the amount of at least $141,000.00 for an aggregate amount, at a minimum, of: **TWO HUNDRED, THIRTY THOUSAND, SIX HUNDRED, FORTY & 00/100ths ($230,640.00) DOLLARS** (*an amount well above the*

*diversity threshold and which Plaintiff can reasonable prove and/or which this Court and/or a jury can reasonable award*) plus compensatory, consequential and additional punitive damages, reasonable attorney fees and costs of litigation, additional treble RICO damages, stubbornly litigious damages in an amount as awarded by a fair and impartial jury and that this Court award Plaintiff such further and other relief against these Defendants as this Court deems fair, just and/or equitable.

Respectfully submitted,

This 3rd day of February, 2008.

*VILLANI & ASSOCIATES, P.C.*

 /s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br>    Plaintiff,<br><br>vs.<br><br>VLADIMIR DJURDJEV, BOJAN ("BOB") PANIC, *ET AL.*,<br>    Defendants. | CIVIL ACTION FILE<br>NO.:  1:07-cv-1864-BBM<br><br>*Hon Beverly B. Martin, Presiding*<br><br>ORDER |

ORDER

This matter having come before this Court on Plaintiff's *Second Motion* and his *Third Motion* and this Court having considered same, it is hereby

ORDERED that Plaintiff shall be and is granted leave to amend, clarify and/or otherwise supplement his original Complaint and his Amended Complaint and use same, as twice-amended, in part, in his Response to Defendants' *Motion to Dismiss Complaint and Request For Attorney's Fees* [Doc 6].

SO ORDERED this ___ day of _____, 2008.

_____
Hon. Beverly B. Martin, Judge
U.S. District Court
Northern District of Georgia
Atlanta Division

Prepared and Submitted by:

 /s/ Ralph J. Villani  
Ralph J. Villani
Counsel for Plaintiff

<u>COMBINED CERTIFICATION OF COMPLIANCE AND CERTIFICATE OF SERVICE</u>

I certify that Plaintiff's within *THIRD MOTION* (with Second Amended Complaint and proposed Order attached) has been prepared in 12-point Courier New font and it complies with LR 5.1(B).

I further certify that I, this day, electronically filed Plaintiff's *THIRD MOTION* (with Plaintiff's Affidavit and verification attached) with the Clerk of this Court using the CM/EMF system which will automatically send E-mail notification of such filing to the following attorney of record:

    Salmeh Fodor, Esq.   <u>skfodor@mklawllc.com</u>

Respectfully submitted,

This 3rd day of February, 2008.

                          *VILLANI & ASSOCIATES, P.C.*


                           /s/ Ralph J. Villani
                           Ralph J. Villani
                           GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)   (770) 985-6773
(FAX)   (770) 979-5190

(E/M)   <u>law2001@bellsouth.net</u>

                        COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br><br>    Plaintiff,<br><br>vs.<br><br>VLADIMIR DJURDJEV, BOJAN ("BOB") PANIC, ET AL.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO.: 1:07-cv-1864-BBM<br><br>Hon Beverly B. Martin, Presiding<br><br>MOTION |

### AFFIDAVIT OF FADIL DELKIC, PLAINTIFF ("AFFIDAVIT")

PERSONALLY APPEARED before me, the undersigned official, authorized to administer oaths, FADIL DELKIC, Plaintiff in the above styled action, who, upon being sworn, deposed and stated that he is of majority and competent to testify to all matter in this action and, notwithstanding the fact that some or all of the verbiage and syntax may be that of Plaintiff's attorney, the facts contained herein are from his own personal knowledge and beliefs and are true and correct and that this Affidavit is being offered for any and all purposes allowed by law and/or as needed in this case.

1. At all times relevant hereto, I was a sole-proprietor and an over-the-road truck driver and my business was in Georgia.

2. Defendants, at all times relevant hereto, were brokers for, in part, the movement and hauling of shipments ("loads") from, through and to Georgia.

Page 1 of 2

/s/ F. Delkic
02/01/08

3. Defendants, at all times relevant hereto, usually contacted me in Georgia for said loads and facsimiled or e-mailed confirmations of said loads to me here in Georgia.

4. At all times relevant hereto, I picked up twenty-six (26) loads in Georgia.

5. At all times relevant hereto, I delivered twenty-two (22) loads in Georgia, also.

6. Thus, at minimum, Defendants were knowingly and purposefully involved with me in their enterprises reaching into Georgia for an aggregate total of forty-eight (48) loads into and out of Georgia and they knowingly and purposefully depended upon and used the laws of Georgia for, in part, their protection and benefit; i.e., there were *minimum contacts*.

7. Further, the facts and allegations contained in my original Complaint, in my Complaint, as amended, and in my Response to Defendants' *Motion and Request* are from my own personal knowledge and are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
FADIL DELKIC, Affiant/Plaintiff

Sworn to and Subscribed before me
this 1st day of February, 2008.

_____
NOTARY PUBLIC
February 1, 2008
My Commission Expires: Shambrina Gray

Notary Public, Dekalb County, State of GA
My Commission Expires July 23, 2011

Page 2 of 2