IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>VLADIMIR DJURDJEV,  )<br>Individually and/or d/b/a  )<br>UNITED CARGO, INC., or d/b/a  )<br>MARUNTE TRUCKING, INC., or  )<br>d/b/a UNITED 2 LOGISTICS,  )<br>INC., and/or d/b/a JOHN DOE  )<br>COMPANY and/or JOHN DOE  )<br>CORPORATION, AND  )<br>BOJAN ("BOB") PANIC, Individually  )<br>and/or d/b/a UNITED CARGO, INC.,  )<br>or d/b/a MARUNTE TRUCKING, INC.,  )<br>or UNITED 2 LOGISTICS, INC.,  )<br>and/or d/b/a JOHN DOE COMPANY  )<br>and/or JOHN DOE CORPORATION,  )<br>)<br>Defendants.  ) | CASE NO:<br>1:07–CV–1864–BBM |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT AND REQUEST
FOR ATTORNEY'S FEES AND AUTHORITY THEREFOR**

Comes now Defendants, Vladimir Djurdjev ("Djurdjev"); and Bojan Panic ("Panic," collectively "Defendants"); appearing by and through counsel of record, without waiving and reserving all other defenses available, who hereby file this

1

Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint and Request for Attorney's Fees and Authority Therefor as follows:

## ARGUMENT

### A. Plaintiff's Complaint should be Dismissed for Insufficiency of Process and Insufficiency of Service of Process.

Plaintiff has failed to show that service of process was proper and sufficient to survive Defendants' Motion to Dismiss Complaint. Fed. R. Civ. P. 4(m) provides that if the defendant is not served within 120 days, the court "must dismiss the action."

Plaintiff has weakly attempted to explain why Defendants were not served, but he has not shown good cause. Diligence in attempting service is required in order to extend the 120 days, and "half hearted efforts" will not excuse a dismissal of the case. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81 (3rd Cir. 1987), *cert. denied*, 108 S.Ct. 455, 484 U.S. 965 (1987). Furthermore, failure to move for an extension of time is evidence of a lack of diligence. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D.Md. 1986).

Plaintiff claims that he was not able to personally have Defendants served because of several complications that occurred **after** November 3, 2007 that prevented Plaintiff from serving Defendants. However, the Complaint was filed three months earlier on August 7, 2007. Plaintiff fails to even try to explain why

2

for almost three months after filing the Complaint he made no effort to serve Defendants. Further, Plaintiff failed to request an extension of time before the period for service expired. This lack of diligence is evidence of a half-hearted effort to serve Defendants.

Plaintiff asserts that an extension of time in which to serve Defendants should be recognized as a matter of right. However, such is not the law. The 120 day period for service may only be extended for good cause, as authorized by the court. Fed. R. Civ. P. 4(m). Plaintiff has shown no reason whatsoever for Plaintiff's delay in service. Furthermore, this Court has never granted Plaintiff an extension in which to serve Defendants, nor has Plaintiff asked for an extension.

### B.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Plaintiff has failed to satisfy the requirements for personal jurisdiction, and his Complaint should be dismissed. Plaintiff alleges that his Second Amended Complaint satisfies personal jurisdiction. However, Plaintiff may not respond to Defendants' Motion to Dismiss via reference to his Second Amended Complaint. This Court has not given leave for Plaintiff to amend his Complaint twice or for him to refer to his twice-amended Complaint in his Response to Defendants' Motion to Dismiss.

In addition, a subsequent motion for leave to amend a complaint will not be granted if the complaint, as amended, will not survive a motion to dismiss. *See* Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962); *Monroe v. Williams*, 705 F.Supp. 621, 623 (D.D.C. 1988); *Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670 (S.D. Ala. 2001). As discussed in Defendants' Response to Plaintiff's Second Motion for Leave to Amend Complaint, Plaintiff's Complaint, as amended, will not survive a motion to dismiss on several grounds, including venue and insufficiency of service of process. Therefore, since Plaintiff's Second Amended Complaint should not be allowed, Plaintiff should not be allowed to challenge Defendants' Motion to Dismiss using arguments that have not been permitted by this Court.

Further, Plaintiff's claims should be dismissed for lack of personal jurisdiction because Plaintiff has failed to plead facts necessary to prove personal jurisdiction. Plaintiff relies on the Georgia Long Arm Statute to establish personal jurisdiction. However, Defendants are not subject to the Georgia Long Arm Statute.

Georgia's Long Arm Statute is codified in O.C.G.A. §9-10-91, which provides that a "Court may exercise personal jurisdiction over any nonresident . . .

in the same manner as if he were a resident of the state, if in person or through an agent, he:

> Commits a tortious injury in this state caused by an act or omission outside this state **if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state**

O.C.G.A. §9-10-91(3). Nowhere in Plaintiff's Complaint does Plaintiff assert any facts that meet the requirements of the Georgia Long Arm Statute. Plaintiff fails to show that Defendants have regularly done or solicited business or engaged in any other persistent course of conduct, or derived substantial revenue from services rendered in this State.

Plaintiff rests his allegations of personal jurisdiction on his Second Amended Complaint (which, as already discussed, should not be considered). In Plaintiff's affidavit associated with the Second Amended Complaint, Plaintiff alleges that Defendants brokered trucking deals whereby Plaintiff would receive an order from a company, pick up and deliver the shipment with his truck as a "sole proprietor." Plaintiff alleges that because some of these orders from other companies occurred in Georgia, Defendants have availed themselves of the Georgia Long Arm Statute. However, any business Defendants have conducted has taken place in Illinois. Plaintiff's transportation jobs in Georgia are not the result of Defendants' regular business or consistent course of conduct within

Georgia, but are the result of the contacts within Georgia of the companies that employ Plaintiff to ship their cargo. Defendants have had no contacts with Georgia that would subject them to personal jurisdiction in Georgia. Therefore, since there are no minimum contacts with Georgia, there is no personal jurisdiction in this District, and Plaintiff's Complaint must be dismissed.

### C.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF VENUE

Plaintiff's Claim should be dismissed for lack of venue. Plaintiff claims that venue is proper in the Northern District of Georgia because he lives in the Northern District of Georgia, and because the Georgia Long Arm Statute applies to Defendants. However, Plaintiff's allegations, even accepting the facts alleged in his Second Amended Complaint, do not establish venue in this Court.

Plaintiffs who establish personal jurisdiction must *also* meet venue requirements. *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant,* 760 F.2d 312, 315 (D.C. Cir. 1985). When venue is challenged, it is the burden of the plaintiff to prove that venue is proper in that forum. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.,* 784 F.Supp. 306, (D.S.C. 1992). Plaintiff has failed to prove that venue is proper in the Northern District of Georgia.

Plaintiff states that because Defendants are subject to the Georgia Long Arm Statute (which Defendants are not), venue is proper. (Plaintiff's Response to

Defendants' Motion to Dismiss, p. 26-27). However, jurisdiction and venue are two distinct concepts, and they should not be confused. *Brown v. Pyle*, 310 F.2d 95 (5th Cir. 1962). Jurisdiction is the power to hear a cause of action, while venue is the place where that power may be exercised. *Id.* at 96.

Plaintiff does not assert subject matter jurisdiction solely on diversity. Therefore, venue may be found **only in**:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

No Defendant resides in Georgia, and no Defendant may be found in Georgia. Further, Plaintiff has failed to show that a substantial part of the events giving rise to his claims have occurred in the Northern District of Georgia.

The Federal Court in *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.* held that venue was not proper in a RICO claims case where the plaintiff did not claim that a substantial part of the events giving rise to the claim occurred in the plaintiff's choice of forum. 784 F.Supp. 306, (D.S.C. 1992). In *Magic Toyota*, plaintiffs located in South Carolina sued a Florida corporation defendant in the District of South Carolina for various claims including RICO violations, and

7

alleged that venue was proper in South Carolina. *Id.* at 317. Even though plaintiffs were able to show that personal jurisdiction was proper in South Carolina, plaintiffs' amended complaint failed to allege even one substantial event that took place in South Carolina. *Id.* The only alleged contacts with South Carolina were that employees from the defendant corporation had traveled to South Carolina, and that there were mailings and telephone calls from the defendant in Florida to the plaintiffs in South Carolina. *Id.* at 318. Even so, the Court found that the claims of plaintiffs contained "no specific allegations regarding the occurrence of significant events in South Carolina, but continue to make vague contentions that defendants harmed plaintiffs in South Carolina." *Id.* The Court held that venue was improper in South Carolina because even though personal jurisdiction was proper and even though the defendant had taken trips to South Carolina and had correspondence in South Carolina, the plaintiffs had not shown that any of the claims substantially occurred in South Carolina. *Id.* Instead, the Court held that any of the schemes that the plaintiffs were alleging (including fraud and RICO violations) would have taken place primarily at defendant's offices in Florida. *Id.* at 319. Therefore, the Court found that since plaintiffs could not show that a substantial part of the plaintiffs claims occurred in South Carolina, the plaintiffs could not sue the defendant in that forum. *Id.*

In this case, the facts are very similar. Plaintiff has failed to even alleged that a substantial part of the events that gave rise to his claim have occurred in the Northern District of Georgia. Any contacts that Defendants have had within Georgia as a result of Plaintiff living in Georgia do not establish that any of the claims Plaintiff alleges occurred in this District. Defendants' offices are in Illinois, and any claims that Plaintiff alleges would have originated in the District where Defendants have their offices. Even accepting Plaintiff's allegations contained in his twice-amended Complaint (which should not be allowed), and even assuming that personal jurisdiction exists (which Defendants contend does not exist), Plaintiff has not shown that any of the claims that he alleges had substantially occurred in the Northern District of Georgia. Therefore, venue is improper in this District, and Plaintiff's Complaint should be dismissed.

## CONCLUSION

Plaintiff has failed to show that his Complaint should not be dismissed. Plaintiff has failed to meet service requirements, and there is no personal jurisdiction or venue. In addition, Plaintiff's Complaint should be dismissed for the reasons already discussed in Defendants' Motion to Dismiss Complaint and for Attorney's Fees.

WHEREFORE, Defendants respectfully renew their request that this Court dismiss Plaintiff's claims and be awarded expenses and costs associated with this defense and also for attorney's fees, as well as other such relief as the Court may direct.

Respectfully submitted, this 11th day of February, 2008.

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,                                )<br>                                                       )<br>        Plaintiff,                            )<br>v.                                                    )<br>                                                       )<br>                                                       )<br>VLADIMIR DJURDJEV,              )<br>Individually and/or d/b/a              )<br>UNITED CARGO, INC., or d/b/a   )<br>MARUNTE TRUCKING, INC., or  )<br>d/b/a UNITED 2 LOGISTICS,         )<br>INC., and/or d/b/a JOHN DOE        )<br>COMPANY and/or JOHN DOE       )<br>CORPORATION, AND                    )<br>BOJAN ("BOB") PANIC, Individually )<br>and/or d/b/a UNITED CARGO, INC.,   )<br>or d/b/a MARUNTE TRUCKING, INC., )<br>or UNITED 2 LOGISTICS, INC.,       )<br>and/or d/b/a JOHN DOE COMPANY )<br>and/or JOHN DOE CORPORATION,  )<br>                                                       )<br>        Defendants.                       ) | CASE NO:<br>1:07–CV–1864–BBM |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia, the undersigned counsel of record for Defendants hereby certifies that this pleading has been composed in Times New Roman 14-point font.

***SIGNATURE ON FOLLOWING PAGE***

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: |
| | ) | 1:07–CV–1864–BBM |
| | ) | |
| VLADIMIR DJURDJEV, | ) | |
| Individually and/or d/b/a | ) | |
| UNITED CARGO, INC., or d/b/a | ) | |
| MARUNTE TRUCKING, INC., or | ) | |
| d/b/a UNITED 2 LOGISTICS, | ) | |
| INC., and/or d/b/a JOHN DOE | ) | |
| COMPANY and/or JOHN DOE | ) | |
| CORPORATION, AND | ) | |
| BOJAN ("BOB") PANIC, Individually | ) | |
| and/or d/b/a UNITED CARGO, INC., | ) | |
| or d/b/a MARUNTE TRUCKING, INC., | ) | |
| or UNITED 2 LOGISTICS, INC., | ) | |
| and/or d/b/a JOHN DOE COMPANY | ) | |
| and/or JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I have electronically filed the

**Defendants' Reply to Plaintiff's Response in Opposition to Defendants'**

**Motion to Dismiss Complaint and Request for Attorneys' Fees and Authority**

**Therefor** with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorney of record:

Ralph J. Villani
Attorney for Plaintiff
2055-C Scenic Hwy., N.
Suite 404
Snellville, Georgia 30078
law2001@bellsouth.net

This 11th day of February, 2008

                <u>s/ Salmeh Fodor, Esq.</u>
                Attorney Bar No. 141464
                Attorney for Vladimir Djurdjev
                and Bojan Panic.
                Marchman & Kasraie, LLC
                1755 The Exchange, Suite 339
                Atlanta, GA 30339
                Phone: (678) 904-0085
                Fax: (770) 874-0344
                Email: SKFodor@mklawllc.com