```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO.:  1:07-cv-1864-BBM |
| vs. | ) | |
| | ) | |
| VLADIMIR DJURDJEV, BOJAN | ) | *Hon Beverly B. Martin, Presiding* |
| ("BOB") PANIC, *ET AL*., | ) | |
| | ) | |
| Defendants. | ) | *MOTION* |
| | ) | |

### THIRD MOTION FOR LEAVE TO AMEND, CLARIFY AND/OR SUPPLEMENT COMPLAINT AND PRAYERS FOR RELIEF AND AUTHORITY THEREFOR ("FOURTH MOTION")

Plaintiff, for the third time, in part, in response to Defendants' 30-day safe harbor warning and, in part, to correct subject objected-to wording (note, deadline imposed by Defendants was/is March 1, 2008 to amend "offending language"), moves this Court for leave to amend, clarify and supplement his complaint, attaches subject third amended complaint, attaches an additional proposed order for this Court's review and approval and shows this Court as follows:

1. Plaintiff filed his Complaint on August 7, 2007.

2. Defendants were duly and properly served by Cook County, IL, Sheriff Deputies on December 12, 2007.

3. Defendants, *in lieu* of filing an Answer or Defenses, filed their instant *Motion to Dismiss Complaint and Request For Attorney's Fees* [Doc 6] ("Motion and Request").

4. On or about January 18, 2008, Plaintiff filed a motion for an expansion of time to respond to Defendants' Motion and Request up to and through February 4, 2008 [Doc. 8] ("First Motion").

5. Plaintiff files this his *Fourth Motion* this day (third motion, in part, to amend his complaint and in compliance with Defendants' 30-day safe harbor warning) and Plaintiff's First to Third Motions are still pending before this Court.

6. In order to, in part, fully respond to Defendants' Motion and Request, Plaintiff requests that he be allowed to amend, clarify and/or otherwise supplement his Complaint in order, in part, to use said twice-amended Complaint to fend-off any threatened Rule 11 motions for sanctions by Defendants (within the 30-day safe harbor offered by these Defendants) and/or for his Response(s).

7. For the within reasons, this Court should grant Plaintiff's subject motion and allow him up to amend, or otherwise clarify and/or supplement his original complaint and his original prayers for relief (as outlined herein and in his subject motions now before this Court).

Argument and Citation to Authority:

This Court has the inherent and equitable power to control matters before it and this Court is authorized to grant Plaintiff's request for the additional time and grant Plaintiff's

two motion to amend his complaint (the subject *Motion to Amend* address different issues brought up by Defendants in their *Motion and Request* and in their instant 30-day safe harbor warning).

The Eleventh Circuit has determined that such amendments must be liberally granted unless there is severe, undue prejudice to Defendants (and Defendant shave show no such *sever, undue prejudice* to this Court, as required).

> After a responsive pleading has been filed, subsequent amendments are permissible only with leave of court, which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This liberal policy of allowing amendments under Rule 15(a) "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner,* 868 F.2d at 407; *see also Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir.1993) (holding that "a justifying reason *must be apparent* for denial of a motion to amend") (emphasis added).

<u>Motorcity of Jacksonville, Ltd. By and Through Motorcity of Jacksonville, Inc. v. Southeast Bank, N.A.</u>, 83 F.3d 1317 (C.A.11 (Fla.),1996) *reversed, in part, on other grounds*, <u>Hess v. F.D.I.C.</u>, 519 U.S. 1087 (117 S.Ct. 760) (136 L.Ed.2d 708) (65 USLW 3500) (65 USLW 3505) (U.S. Jan 21, 1997) (NO. 96-106).

As there is <u>no</u> prejudice whatsoever to Defendants (in fact, relevant to this instant motion, Defendants have demanded a portion, if not all, these within amendments) if this Court allows Plaintiff to amend, clarify and/or otherwise supplement his original Complaint and his Amended Complaint as enumerated herein and as previously enumerated (<u>see</u>, Plaintiff's motions),

this Court must allow Plaintiff such leave to amend.

Said three *Amended Complaints* (See, *e.g.*, Plaintiff's prior motions) are incorporated by reference herein.

WHEREFORE, Plaintiff prays that this Court GRANT his within and foregoing Fourth Motion (and his previously filed motions) for the reasons stated herein (and as stated in his prior motions), allow Plaintiff leave to amend, clarify and/or otherwise supplement his original Complaint and Amended Complaint and allow him to use said Complaint, as thrice-amended, in part, in his Response to Defendants' pending *Motion and Request*, to forestall Defendants' threatened Rule 11 motion for sanctions and for such other and further relief this Court deems fair, just and equitable.

Respectfully submitted,

This 29th day of February, 2008.

*VILLANI & ASSOCIATES, P.C.*

 /s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)   (770) 985-6773
(FAX)   (770) 979-5190

(E/M)   law2001@bellsouth.net

COUNSEL FOR PLAINTIFF

```
             IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO.: __1:07-cv-1864-BBM__ |
| vs. | ) | |
| | ) | |
| VLADIMIR DJURDJEV, BOJAN | ) | *Hon Beverly B. Martin, Presiding* |
| ("BOB") PANIC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | *MOTION* |
| | ) | |

### THIRD AMENDED COMPLAINT AND PRAYERS FOR RELIEF

COMES NOW Plaintiff, by and through his undersigned counsel, and hereby amends, clarifies and/or otherwise supplements his original Complaint and his Amended Complaint and shows this Court as follows:

Plaintiff's original Complaint and Prayers for Relief and Plaintiff's two Amended Complaint are incorporated by reference herein as if they were originally written below.

Plaintiff amends, clarifies and/or otherwise supplements his Complaint, as amended, and the *follow*ing paragraphs of his original Complaint and of his two Amended Complaints as follows:

Any and all references to MURUNTE should be changed to MARUNTEL (typo by counsel–left out the trailing "L").

As part of the initial remarks, add:

At all times relevant hereto, a broker used by Plaintiff, Turbo Logistics-Expedite (Tim, contact person) ("Turbo")

cancelled one/some of Defendants' loads form/out-of Georgia because they were checking Defendants' insurance and DOT number(s) and determined that Defendants' may have forged and/or altered and/or misrepresented same to said broker (and/or the DOT) because the insurance and DOT number(s) did not match up. Plaintiff was forced to "miss" that load, loss loading-time and had to get another broker with "real" insurance and DOT number(s) and Defendants found Plaintiff another load where documents were not checked upon information and belief.  This incident (in December, 2004), and others like it, was the main reason that Turbo refused to broker any more loads for Defendants (Turbo did everything by the book and had too many questions about Defendants' paperwork, alleged insurance coverage and DOT number(s) for their trucks.

The following paragraphs are amended as follows:

17. Djurdjev and Panic pretended to be former Serbian "concentration/death-camp" officials[1] when they dealt with their Bosnian workers(non-Serbian workers and/or those of

---

[1] Djurdjev and Panic were acting in their office(s) as if they were Serbian Concentration and/or death camp officials by mirroring the posturing and voice inflections of those evil entities in the same way Plaintiff, and others, remembered.  In their office(s) they had a cafeteria where they "served" food and drinks.  There was only one table in there and Defendants, at all times relevant hereto, had a long "silver" soldier's knife on that table (no one could remove it or touch it except Defendants).  The knife had "genocide" and "ethnic cleansing" significance as it was an actual, or very close replica, of the knives used in the death camps to kill and torture non-Serbians in death camps; *i.e.,* Logor, in which Plaintiff was imprisoned an tortured and he saw those atrocities.

Bosnian decent).

18. Plaintiff was Bosnian, and was held and tortured in such a camp (Logor, et al.) for approximately 230 days, about eight (8) months, or so,[2] the words used, the "pretending" actions of Defendants opened those old wounds and had the desired effect on Plaintiff and the other Bosnian/non-Serbian workers, and Plaintiff was "forced" to relive those nightmares each time the Defendants, individually or together, "gleefully" and maliciously acted out their death camp routine(s) purposefully and knowingly directed at and unquestionably against non-Serbians like Plaintiff and used to create fear and absolute obedience to their wishes/orders.[3]

Plaintiff further amends the following paragraphs:

*FACTUAL ALLEGATIONS AND SOME FUNDAMENTAL BASES FOR CLAIMS*

---

[2] Plaintiff still has the papers attesting to his imprisonment in those death camps, to wit: for *Logor*, *Omarska*, *Manjaca* and *Batkoviciof*; all of which Defendants were well-aware.

[3] As one example of this, Plaintiff offers the following: one day, when Plaintiff walked into Defendants' offices to find a load assignment for himself, Defendant Djurdjev strutted out of his private office and, in a loud, closely-mimicked "death camp official voice," he said, "where is my Milan Martic? Find Milan Martic, I need him." Then, everyone in the office started to laugh at Plaintiff (he was the only non-Serbian present in Defendants' offices at that time). To understand the horror and intimidating power these seeming innocuous statements by Defendant had, one must understand that Milan Martic was once the leader of the Serbs in Croatia (Knin), he is now serving, at last account, 35 years in jail for his war crimes. Milan Martic lead Serbia in its ethnic cleansing–killing, death camp interments and torturing--of many Croatians, Muslims and other non-Serbians (circa 1990) and the terror that name induces is akin to using the name of Hitler, et al., to the Jewish holocaust survivors/victims: Plaintiff was again abused and terrorized.

20. From the later part of 2003 to the end of August 2004, Plaintiff was employed as a driver for Djurdjev ("Vladimir Djurdjev" was/is also the name of the company) and Plaintiff drove Djurdjev's truck and Panic was the dispatcher for Djurdjev and Plaintiff's supervisor. Plaintiff was forced to drive said truck in pairs (he had to have another driver with him so that they would have no excuse not to drive around the clock to drop off and pick up loads). Driving times and load rates/day were strictly controlled by Defendants and any deviations from their rigid and 24X7 scheduling met with threats, harsher treatment and ridicule.

25. In October 2003, Plaintiff was involved in an accident in South Carolina taking a load from North Carolina to South Carolina for Djurdjev and while driving Djurdjev's truck.[4]

27. Djurdjev, *and others*, have never provided Plaintiff with any explanation or accounting of the two $500.00 wage deductions other than *You have to pay $1,000.00 for the accident. That is the way it is done in America; truck drivers pay for their own accidents*--to paraphrase Djurdjev.

Additional Certification by Plaintiff, through counsel:

---

[4] Although the truck belong to Defendant Djurdjev, it was leased to Jinnaz, Inc., which, in turn, leased it to Schneider, Inc. And the trailed was from Schneider as was the load–thus, upon information and belief, Defendants had no losses from said accident yet charged Plaintiff anyway (see, paragraphs 26through 30 for additional details of Defendants' fraud and RICO activities relating to and concerning their alleged $1,000.00 loss due to the subject 2003 accident).

Plaintiff, under penalty of law and perjury prohibitions to giving false statements, testimony or evidence, certifies that, notwithstanding the fact that some of the verbiage and syntax may be that of Ralph J. Villani, Esq., his counsel, the within and foregoing relevant facts relating to and concerning his instant motion are from his own personal knowledge and beliefs and are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

This 29th day of January, 2008.

/s/ *Fadil Delkic*
FADIL DELKIC, Plaintiff/Affiant

WHEREFORE, Plaintiff prays that this Court allow his amendments as plead and for such other and further relief deemed fair, just and equitable by this Court.

Respectfully submitted,

This 29th day of February, 2008.

*VILLANI & ASSOCIATES, P.C.*

/s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net
                              COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC,<br>    Plaintiff,<br><br>vs.<br><br>VLADIMIR DJURDJEV, BOJAN<br>("BOB") PANIC, *ET AL.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO.:   1:07-cv-1864-BBM<br><br>*Hon Beverly B. Martin, Presiding*<br><br><br>ORDER |

ORDER

This matter having come before this Court on Plaintiff's motions and this Court having considered same, it is hereby

ORDERED that Plaintiff shall be and is granted leave to amend, clarify and/or otherwise supplement his original Complaint and his Amended Complaint and use same, as thrice-amended, in part, in his Response to Defendants' *Motion to Dismiss Complaint and Request For Attorney's Fees* [Doc 6] and Plaintiff having met Defendants'30-day safe harbor deadline of March 1, 2008.

SO ORDERED this ___ day of _____, 2008.


_____
Hon. Beverly B. Martin, Judge
U.S. District Court
Northern District of Georgia
Atlanta Division

Prepared and Submitted by:

 /s/ Ralph J. Villani 
Ralph J. Villani
Counsel for Plaintiff

COMBINED CERTIFICATION OF COMPLIANCE AND CERTIFICATE OF SERVICE

I certify that Plaintiff's within *FOURTH MOTION* (with Third Amended Complaint and proposed Order attached) has been prepared in 12-point Courier New font and it complies with LR 5.1(B).

I further certify that I, this day, electronically filed Plaintiff's *FOURTH MOTION* (with Plaintiff's verification attached) with the Clerk of this Court using the CM/EMF system which will automatically send E-mail notification of such filing to the following attorney of record:

Salmeh Fodor, Esq.   *skfodor@mklawllc.com*

Respectfully submitted,

This 29th day of February, 2008.

*VILLANI & ASSOCIATES, P.C.*

/s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2055-C Scenic Hwy., N.
Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net

COUNSEL FOR PLAINTIFF