```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

|  |  |
|---|---|
| FADIL DELKIC, | ) |
| | ) CIVIL ACTION FILE |
| Plaintiff, | ) |
| | ) NO.: <u>1:07-cv-1864-BBM</u> |
| vs. | ) |
| | ) |
| VLADIMIR DJURDJEV, BOJAN | ) *Hon Beverly B. Martin, Presiding* |
| ("BOB") PANIC, *ET AL.*, | ) |
| | ) |
| Defendants. | ) *EMERGENCY MOTION* |
| | ) |

<u>EMERGENCY MOTION FOR A RULE 65 PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER TO PREVENT DEFENDANTS FROM ABSCONDING FROM THE JURISDICTION OF THIS COURT AND/OR FROM ILLICITLY OR ILLEGALLY LIQUIDATING OR OTHERWISE DISPOSING OF OR HIDING ASSETS DURING THE PENDENCY OF THIS ACTION ("EMERGENCY MOTION")</u>

Pursuant, in part, to Fed.R.Civ.Pro. Rule 65, Plaintiff, on an emergency basis, moves this Court for a preliminary injunction and/or a temporary retraining order to prevent these Defendants from absconding from the jurisdiction of this Court and/or illicitly and/or illegally liquidating or otherwise disposing of or hiding assets during the pendency of this action[1] because, in part, upon information and belief, these Defendants, since this lawsuit was filed, have been planning to leave the United States and abscond from the jurisdiction of this Court and have been

---

[1] Upon information and belief, and information coming from reliable sources, Plaintiff believes that the pending motion(s) by Defendants were filed to give them sufficient time to liquidate their assets, transfer property alter, forge and/or destroy evidence (they've already fired 30 employees, they are closing their businesses on or about Tuesday, March 25, 2008 and have plans to leave the United States for Canada and/or Serbia/Bosnia or other parts unknown.

systematically, illicitly or illegally, selling/liquidating, concealing, or otherwise hiding or transferring their assets to make themselves and their companies/corporations judgment proof and thwart Plaintiff's, and this Court's, search for the truth and an equitable resolution of Plaintiff's claims and shows this Court as follows:

    The following paragraphs, because Defendants are in full control of information of any illicit or illegal actions by them, individually or in concert, and/or any continued nefarious acts, are prefaced by "upon information and belief" as Plaintiff is no privy to these activities and Defendants have made every attempt to conceal these activities from him (and his sources) since the start of this action.

1. These Defendants are planning to leave this country to avoid summons and/or processes to of this Court (*i.e.*, to be out of the reach of this Court's jurisdiction to compel their appearances at depositions, hearing, trials, or the like and, in effect, will "constructively flee" to avoid same under, in part, the "fugitive disentitlement doctrine")[2].

---

[2] See, for example, Molinaro v. New Jersey, 396 U.S. 365, 366 (90 S.Ct. 498, 498-99) (1970) (where the U.S. Supreme Court accepted the general principal the *fugitive disentitlement doctrine* may apply to asset restraints; especially where, as is in the present action, the "escape" of these Defendants and their assets from "custody" and "fugitive" status "did not strip the case of its character as an adjudicable case or controversy, [the Molinaro court believed that such acts] disentitles the defendant(s) to call upon the resources of the Court fo determination of [these Defendants' motions, defenses or] claims).

1. These Defendants are again attempting to liquidate and hide their assets, as illicitly and/or illegally before, in an attempt to make "themselves" judgment proof.
2. Plaintiff's action has merit and Defendants know that a jury verdict in Plaintiff's favor will/can be rather large, given the punitive damages and treble RICO damages aspects.
3. Plaintiff is not asking this Court to freeze all of Defendants' assets during the pendency of this action but only to retrain these Defendants from liquidate same merely to hide those assets from this Court and Plaintiff once a judgment in his favor is rendered by a jury.
4. Plaintiff has no other remedy at law and, it appears from reliable sources, that Defendants may liquidate their assets, transfer same out of the country (and possibly leave also (Canada, is one possible location for Defendants' new trucking/brokering companies), secret same in undisclosed locations and thereby thwarting justice and thwarting this Court's supervision of this matter and the parties.
5. Without this Court's protection and intervention, Plaintiff will be harmed further and, if Defendants are successful, he can never be compensated for the injuries caused by them.

<u>Argument and Citation to Authority</u>:

This Court has the inherent and equitable powers to control matters and the parties before it.

A temporary order restraining these Defendants from liquidating or otherwise illicitly or illegally disposing of or hiding their assets is in the best interest of justice and the least restricting way in which this Court can force Defendants to "play fair" with Plaintiff and not abuse the legal process by dragging these matter on to thwart the discovery process and the search for truth.

<u>Argument and Citation to Authority</u>:

Rule 65 gives this Court wide discretion to immediately act upon Plaintiff's instant motion ex parte and issue a preliminary injunction controlling Defendants' assets and their current and future acts as alleged herein or which may be revealed in an emergency evidentiary hearing on same.  Further, this Court has the inherent and equitable power to control matters and the parties before it and this Court is authorized to grant Plaintiff's request and conduct an emergency hearing to determine if a temporary restraining order is warranted and the scope of and parameters of same.

Plaintiff does not present this emergency motion frivolously as, if he believes and has been told, Defendants' illicit and/or illegal plans and activities are successful, they and their assets will forever be out of reach of this Court and Plaintiff. Thus, after next week, as it appears, Plaintiff will have no remedy at law at all because Defendants will be gone and so will

their assets, one way of the other.

Plaintiff hereby include his certification through counsel and his verification herein-below.

<u>Plaintiff's Certification through counsel and Verification</u>:

Plaintiff, under penalty of law and perjury prohibitions to giving false statements, testimony or evidence, certifies that, notwithstanding the fact that some of the verbiage and syntax may be that of Ralph J. Villani, Esq., his counsel, the within and foregoing relevant facts relating to and concerning his instant emergency motion are from his own personal knowledge and beliefs and relayed to him by reliable sources and are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

This 23rd day of March, 2008.

                      /s/ *Fadil Delkic*
                      FADIL DELKIC, Plaintiff/Affiant

WHEREFORE, Plaintiff prays that this Court GRANT his within and foregoing Emergency Motion, issue an emergency preliminary injunction *instanter*, issue a Rule Nisi for a full evidentiary hearing on these issues compelling Defendants to show cause why a temporary injunction should not be issued, disgorge any and all "straw transferees or buyers" of Defendants' assets and prevent these Defendants from further illicit and/ir illegal transfer of their assets and/or intimidating of potential witnesses.

This 23rd day of March, 2008.

                      *VILLANI & ASSOCIATES, P.C.*

```
                                 /s/ Ralph J. Villani
                                Ralph J. Villani
                                GA Bar No. 727700
```

2055-C Scenic Hwy., N., Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net   COUNSEL FOR PLAINTIFF

<u>COMBINED CERTIFICATION OF COMPLIANCE AND CERTIFICATE OF SERVICE</u>

I certify that Plaintiff's within *FOURTH MOTION* (with Third Amended Complaint and proposed Order attached) has been prepared in 12-point Courier New font and it complies with LR 5.1(B).

I further certify that I, this day, electronically filed Plaintiff's *EMERGENCY MOTION* (with Plaintiff's verification attached) with the Clerk of this Court using the CM/EMF system which will automatically send E-mail notification of such filing to the following attorney of record:

    Salmeh Fodor, Esq.   *skfodor@mklawllc.com*

Respectfully submitted,

This 23rd day of March, 2008.

                              *VILLANI & ASSOCIATES, P.C.*

```
                                 /s/ Ralph J. Villani
                                Ralph J. Villani
                                GA Bar No. 727700
```

2055-C Scenic Hwy., N., Suite 404
Snellville, GA 30078-6167

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net
                            COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br>    Plaintiff,<br><br>vs.<br><br>VLADIMIR DJURDJEV, BOJAN<br>("BOB") PANIC, *ET AL.*,<br>    Defendants. | CIVIL ACTION FILE<br>NO.:  1:07-cv-1864-BBM<br><br>*Hon Beverly B. Martin, Presiding*<br><br>*TEMPORARY INJUNCTION*/RULE NISI |

<u>TEMPORARY INJUNCTION and RULE NISI</u>

This matter having come before this Court on Plaintiff's emergency motions and this Court having considered same, it is hereby

ORDERED that Defendants shall and are ordered to cease and desist any and all transfers, liquidations or otherwise disposals of their company, corporate or personal assets ("disposing of their assets") until further order of this Court, it is further

ORDERED that Defendants shall appear before this Court, Federal Court House, 75 Spring St., Atlanta, GA 30303, on the ____ day of _____, 2008, Courtroom _____, for an emergency hearing, to show cause why Plaintiff's prayers for

relief shall not be granted and why this Court should not issue a Temporary Restraining Order further enjoining Defendants from disposing of their assets during the pendency of this action.

    SO ORDERED this ___ day of _____, 2008.


                                  _____
                                  Hon. Beverly B. Martin, Judge
                                  U.S. District Court
                                  Northern District of Georgia
                                  Atlanta Division

Prepared and Submitted by:

 /s/ Ralph J. Villani  
Ralph J. Villani
Counsel for Plaintiff