IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VLADIMIR DJURDJEV, )<br>Individually and/or d/b/a )<br>UNITED CARGO, INC., or d/b/a )<br>MARUNTE TRUCKING, INC., or )<br>d/b/a UNITED 2 LOGISTICS, )<br>INC., and/or d/b/a JOHN DOE )<br>COMPANY and/or JOHN DOE )<br>CORPORATION, AND )<br>BOJAN ("BOB") PANIC, Individually )<br>and/or d/b/a UNITED CARGO, INC., )<br>or d/b/a MARUNTE TRUCKING, INC., )<br>or UNITED 2 LOGISTICS, INC., )<br>and/or d/b/a JOHN DOE COMPANY )<br>and/or JOHN DOE CORPORATION, )<br>)<br>Defendants. ) | CASE NO:<br>1:07–CV–1864–BBM |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION
FOR A RULE 65 PRELIMINARY INJUNCTION OR TEMPORARY
RESTRAINING ORDER TO PREVENT DEFENDANTS FROM
ABSCONDING FROM THE JURISDICTION OF THIS COURT
AND/OR FROM ILLICITLY OR ILLEGALLY LIQUIDATING
OR OTHERWISE DISPOSING OF OR HIDING ASSETS
DURING THE PENDENCY OF THIS ACTION</u>**

1

Comes now Defendants, Vladimir Djurdjev ("Djurdjev"); and Bojan Panic ("Panic," Djurdjev and Panic are collectively "Defendants"); by and through counsel of record, making a special appearance to respond to this emergency motion, without waiving and reserving all other defenses available, and state as follows:

## LEGAL STANDARD

A federal district court may grant injunctive relief if the moving party shows that: 1) there is a substantial likelihood of success on the merits; 2) irreparable injury will be suffered without the injunction; 3) the threatened injury to the moving party outweighs the injury to the nonmoving party; and that 4) the injunction is not adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301 (11th Cir. 1998). The standard for preliminary injunctions is also applied to temporary restraining orders. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

The United States Supreme Court has held that "the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 89, 94 S.Ct. 937, 952 (1974), *cited in* Northeastern Fla. Chapter of Ass'n of Gen. Contractors of America v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990). An injury is irreparable

only if it cannot be undone through monetary damages. *Northeastern Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.2d at 1285.

In addition, district courts may not grant injunctions that freeze the defendant's assets where the Plaintiff has only sued for monetary damages. *Rosen v. Cascade International, Inc.*, 21 F.3d 1520, (11th Cir. 1994). In *Rosen*, the Court of Appeals held that "equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Id.*, at 1527.

Furthermore, if a plaintiff has sued for money damages only, it may not claim an equitable right to injunctive relief that freezes a defendant's assets by requesting additional, "just and proper" relief the end of its complaint. *Id.*, at note 12. "The mere incantation of such boilerplate language does not convert a legal cause of action into a legitimate request for equitable relief." *Id.*

## ARGUMENT

Plaintiff's emergency motion requesting a preliminary injunction and temporary restraining order to prevent Defendants from leaving the Court's jurisdiction or disposing of any assets should not be granted

*<u>No Irreparable Injury – Plaintiff Failed to Request Equitable Relief</u>*

Plaintiff fails to meet the standard for injunctive relief in that Plaintiff fails to show an irreparable injury for which no adequate remedy of law exists. In order to show an irreparable injury, Plaintiff must request equitable relief. *See* Northeastern Fla. Chapter of Ass'n of Gen. Contractors, 896 F.2d at 1285. Plaintiff does not request any equitable relief; rather, his claims are solely for monetary damages. *See* Complaint. Claims for monetary damages are in the nature of legal remedies. *See* Rosen, 21 F.3d 1520 (1994). Therefore, only legal remedies are available to Plaintiff, and he may not obtain an injunction or restraining order. *Id.*

In *Rosen,* plaintiffs sued a cosmetics company for securities fraud and for money damages based on federal and state law. The plaintiffs were granted a temporary restraining order and preliminary injunction. However, the Court of Appeals remanded the district court's order for preliminary injunction holding that a plaintiff may not obtain a preliminary injunction where the claims are legal, not equitable in nature. *Id.*, at 1526-27. Accordingly, since the plaintiffs had made only claims for monetary damages, they could not then request injunctive equitable relief. *Id.* Similarly, in this case, Plaintiff has requested only monetary damages in

4

his Complaint. Accordingly, as in *Rosen*, Plaintiff cannot now request injunctive equitable relief because his claims are legal in nature.

*Remedy of Freezing Assets Is Not Available Where the Claim Is For Monetary Damages Alone*

In the case at bar, Plaintiff seeks to prevent Defendants from "illicitly and/or illegally liquidating or otherwise disposing of or hiding assets during the pendency of this action." Plaintiff's Emergency Motion, p. 1. However, Plaintiff asserts no evidence of his allegations, but merely relies on his unsupported belief. *Id.*, at note 1. In fact, Plaintiff's claims are unfounded and untrue. Defendants are not "illicitly and/or illegally" disposing of their assets, nor are they "altering," "forging," or "destroying evidence." *See* Id.

Furthermore, **asset freezes are improper in cases claiming only monetary damages. Id., at 1527** The Court in *Rosen* reasoned that preliminary injunctive relief is of a different character than the final relief obtainable in the litigation. Therefore, a motion for injunction which requests that an entity's assets be frozen "deals with a matter lying wholly outside the issues in the suit." *Id.*, interpreting *De Beers Consol. Mines, v. U. S.*, 325 U.S. 212, 65 S.Ct. 1130 (1945). Applying *De Beers*, the *Rosen* Court reasoned that if preliminary injunctions were granted for cases that only alleged monetary damages, a plaintiff could be granted an injunctive order merely by claiming that the defendant might make away with his

own assets. *Id.* The injunction would then disable any defendant from doing business for an indefinite period while the suit is litigated. *Id.*, at 1528. This scenario is exactly what Plaintiff is attempting to accomplish.

As the Court in *Rosen* warned, Plaintiff is merely claiming that Defendants' might dispose of their own assets, and he is attempting to tie up Defendants' ability to do business for an indefinite and lengthy period of time while this lawsuit is pending.

Alternatively, Plaintiff is attempting to hold Defendants' assets hostage until the end of the trial in the extremely unlikely event that he should prevail and be awarded damages. However, as the Court in *Rosen* unequivocally stated: "preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority." *Id.*, at 1530.

*Plaintiff Has No Right To Deprive Defendants of Their Constitutional Right to Travel*

Plaintiff also seeks to "prevent these Defendants from absconding from the jurisdiction of this Court." Plaintiff's Emergency Motion, p. 1. Defendants contend that this Court does not have jurisdiction over them. Notwithstanding such contention, such a request for injunctive relief may not be granted. All

Americans have the right to travel, and the Constitutional right to travel as set forth in the 14th Amendment is part of American jurisprudence. *Saenz v. Roe*, 526 U.S. 489 (1999).

Furthermore, as previously discussed, Plaintiff's claims are legal in nature; he has not made claims in equity. A plaintiff may not receive equitable injunctive relief where his claims are purely legal. *Id.*, at 1526-27. As with Plaintiff's request to freeze Defendants' assets, Plaintiff may not seek equitable injunctive relief to restrain Defendants from traveling. Therefore, Plaintiff's requests for a temporary restraining order and for a preliminary injunction preventing Defendants from leaving this Court's jurisdiction should not be granted.

## CONCLUSION

Plaintiff has failed to show that there is an irreparable injury and that there is no adequate remedy at law. Plaintiff has only requested monetary damages in his Complaint. A request for monetary damages is of the nature of a legal, not equitable, remedy. Therefore, Plaintiff cannot now avail himself of emergency injunctive relief. In addition, Plaintiff is attempting to hold Defendants' assets hostage to prevent Defendants' from conducting business and to set up a fund from which he may be paid in the unlikely event that Plaintiff should prevail in this case. An asset freeze in a case claiming only monetary damages is not an appropriate

preliminary injunction. Last, Plaintiff may not seek injunctive relief that would prevent Defendants from leaving the jurisdiction because, as above, Plaintiff has only claimed monetary damages and has no right to obtain emergency injunctive relief. Therefore, Plaintiff's requests for a temporary restraining order and for a preliminary injunction should be denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Emergency Motion seeking a Temporary Restraining Order and Preliminary Injunction in order to prevent Defendants from leaving this Court's jurisdiction and to freeze Defendants' assets be refused, and that Defendants be awarded attorney's fees, costs, and expenses related to this Motion.

Respectfully submitted, this 28th day of March, 2008.

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085;  Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: |
| | ) | 1:07–CV–1864–BBM |
| | ) | |
| VLADIMIR DJURDJEV, | ) | |
| Individually and/or d/b/a | ) | |
| UNITED CARGO, INC., or d/b/a | ) | |
| MARUNTE TRUCKING, INC., or | ) | |
| d/b/a UNITED 2 LOGISTICS, | ) | |
| INC., and/or d/b/a JOHN DOE | ) | |
| COMPANY and/or JOHN DOE | ) | |
| CORPORATION, AND | ) | |
| BOJAN ("BOB") PANIC, Individually | ) | |
| and/or d/b/a UNITED CARGO, INC., | ) | |
| or d/b/a MARUNTE TRUCKING, INC., | ) | |
| or UNITED 2 LOGISTICS, INC., | ) | |
| and/or d/b/a JOHN DOE COMPANY | ) | |
| and/or JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia, the undersigned counsel of record for Defendants hereby certifies that this pleading has been composed in Times New Roman 14-point font.

***SIGNATURE ON FOLLOWING PAGE***

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: |
| | ) | 1:07–CV–1864–BBM |
| | ) | |
| VLADIMIR DJURDJEV, | ) | |
| Individually and/or d/b/a | ) | |
| UNITED CARGO, INC., or d/b/a | ) | |
| MARUNTE TRUCKING, INC., or | ) | |
| d/b/a UNITED 2 LOGISTICS, | ) | |
| INC., and/or d/b/a JOHN DOE | ) | |
| COMPANY and/or JOHN DOE | ) | |
| CORPORATION, AND | ) | |
| BOJAN ("BOB") PANIC, Individually | ) | |
| and/or d/b/a UNITED CARGO, INC., | ) | |
| or d/b/a MARUNTE TRUCKING, INC., | ) | |
| or UNITED 2 LOGISTICS, INC., | ) | |
| and/or d/b/a JOHN DOE COMPANY | ) | |
| and/or JOHN DOE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, I have electronically filed **DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR A RULE 65 PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER TO PREVENT DEFENDANTS FROM ABSCONDING FROM THE JURISDICTION OF THIS COURT AND/OR FROM ILLICITLY OR ILLEGALLY LIQUIDATING OR OTHERWISE DISPOSING OF OR HIDING ASSETS**

11

**DURING THE PENDENCY OF THIS ACTION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Ralph J. Villani
>Attorney for Plaintiff
>2055-C Scenic Hwy., N.
>Suite 404
>Snellville, Georgia 30078
>law2001@bellsouth.net

This 28th day of March, 2008

>s/ Salmeh Fodor, Esq.
>Attorney Bar No. 141464
>Attorney for Vladimir Djurdjev
>and Bojan Panic.
>Marchman & Kasraie, LLC
>1755 The Exchange, Suite 339
>Atlanta, GA 30339
>Phone: (678) 904-0085
>Fax: (770) 874-0344
>Email: SKFodor@mklawllc.com