IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br><br>      Plaintiff,<br><br>v.<br><br>VLADIMIR DJURDJEV and BOJAN ("BOB") PANIC, et al.,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 1:07-CV-1864-BBM |

**O R D E R**

This matter is before the court on Defendants Vladimir Djurdjev's and Bojan Panic's (collectively, "Defendants") Motion to Dismiss Complaint [Doc. No. 6], and the following Motions made by Plaintiff Fadil Delkic ("Mr. Delkic"): Motion for Extension of Time to Respond and Otherwise Reply to Defendants' Motion to Dismiss Complaint [Doc. No. 8]; Motion for Leave to File Excess Pages [Doc. No. 13]; Motion to Amend Complaint [Doc. No. 14]; Second Motion for Leave to Amend [Doc. No. 15]; Third Motion for Leave to Amend [Doc. No. 20]; and Emergency Motion for a Rule 65 Preliminary Injunction [Doc. No. 22].

**I.**    **Factual and Procedural Background**

Mr. Delkic has alleged a variety of claims arising out of his employment as a truck driver with Defendants' trucking businesses. Defendants allegedly informed Mr. Delkic that he would be paid per mile driven, rather than an hourly wage,

docked his pay in the amount of $1000 for an accident he had while on the job, required him to pay into an escrow fund, and charged him a variety of fees. Mr. Delkic alleges that Defendants illegally converted the funds that were rightfully owed him and engaged in money laundering to hide their assets from him. (See Compl. ¶¶ 21-26, 32-33, 35.) He has sued under both the federal and Georgia state Racketeer Influenced and Corrupt Organizations Acts, and has made claims for mail and wire fraud, conspiracy, false swearing, extortion, theft by conversion, theft by deception, breach of contract and/or breach of fiduciary duty, and stubborn litigiousness. There are now a total of seven pending motions in this case, which the court will address one at a time.

## II.  Analysis

Mr. Delkic has filed three Motions to Amend his Complaint. Attached to each of these Motions is a short document intended to supplement the original Complaint. The court will give Mr. Delkic leave to file <u>one</u> Amended Complaint. He should submit a single, coherent document that includes all jurisdictional allegations, factual allegations, and legal claims. The court has serious doubts that it may properly exercise personal jurisdiction[1] over the Defendants, or that venue[2]

---

[1] In particular, Mr. Delkic alleges very few facts about Defendants' contacts with or business in Georgia. He also asserts that the Georgia long-arm statute permits a Georgia court to exercise personal jurisdiction to the fullest extent allowable by constitutional due process. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Compl. and Req. for Att'ys Fees

is proper in the Northern District of Georgia, and encourages Mr. Delkic to address those concerns in his Amended Complaint.  Accordingly, Mr. Delkic's Third Motion for Leave to Amend [Doc. No. 20] is GRANTED.  His Second Motion for Leave to Amend [Doc. No. 15] and Motion to Amend Complaint [Doc. No. 14] are DENIED AS MOOT.  Mr. Delkic has 30 days to refile his Complaint.

---

and Authority Therefor 22-23.)  That is an incorrect statement of the law.  See Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 674, 620 S.E.2d 352, 354 (2005).  Mr. Delkic bears the burden of showing this court that it may assert personal jurisdiction over Defendants in satisfaction of both the Georgia long-arm statute and the United States Constitution.

[2] The court draws Mr. Delkic's attention to the statute governing venue in the federal courts:
> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.  The location of Mr. Delkic, as the plaintiff here, is not relevant to the determination of proper venue.

Rather than submit an answer to Mr. Delkic's Complaint, Defendants responded with a Motion to Dismiss on the following grounds: insufficiency of process and service of process; lack of subject matter jurisdiction; lack of personal jurisdiction; improper venue; and forum non conveniens. The court has granted Mr. Delkic permission to file an Amended Complaint. In light of that, the Motion to Dismiss is premature and is DISMISSED WITHOUT PREJUDICE. Defendants may move for dismissal again upon Mr. Delkic's filing of his Amended Complaint.

Mr. Delkic moved for an extension of time to respond to the Motion to Dismiss and for leave to file excess pages. The Motion for Extension of Time is hereby GRANTED. As for the Motion for Leave to File Excess Pages, the court had not addressed that Motion before Mr. Delkic filed his 36 page response to the Motion to Dismiss [Doc. No. 16]. Mr. Delkic requested up to 50 pages. That request is DENIED. The court disagrees that the issues are complex or the law in such "flux" as to warrant more than the standard 25 pages. (Mot. to Exceed Page Limit and Authority Therefor 1.) If Defendants' Motion to Dismiss is renewed after the Amended Complaint is filed, Mr. Delkic should confine himself to no more than 25 pages in response.

Finally, Mr. Delkic has requested a preliminary injunction and/or a temporary restraining order to prevent Defendants "from absconding from the

jurisdiction of this Court and/or illicitly and/or illegally liquidating or otherwise disposing of or hiding assets during the pendency of this action." (Emergency Mot. for a Rule 65 Prelim. Inj. 1.)  As mentioned above, the court is doubtful that it has personal jurisdiction over these Defendants.  If the court in fact lacks jurisdiction over them, it lacks the power to enjoin them.  In any event, in order for an injunction to issue, the movant must show the following:

> (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  Mr. Delkic has not made a showing either of irreparable injury if an injunction does not issue, or that the threatened injury outweighs the damage of the proposed injunction, or a substantial likelihood of success on the merits. Mr. Delkic's request for an injunction or a temporary restraining order is DENIED.

## II. Summary

For the foregoing reasons, Defendants' Motion to Dismiss Complaint [Doc. No. 6] is DENIED WITHOUT PREJUDICE.  Mr. Delkic's Motion for Extension of Time to Respond and Otherwise Reply to Defendants' Motion to Dismiss Complaint [Doc. No. 8] and Third Motion for Leave to Amend [Doc. No. 20] are GRANTED.

Mr. Delkic's Motion to Amend Complaint [Doc. No. 14] and Second Motion for Leave to Amend [Doc. No. 15] are DENIED AS MOOT. The Motion for Leave to File Excess Pages [Doc. No. 13] and Emergency Motion for a Rule 65 Preliminary Injunction [Doc. No. 22] are DENIED. Mr. Delkic is ORDERED to file his Amended Complaint within 30 days of the date of this Order.

IT IS SO ORDERED, this 4th day of April, 2008.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE