IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br><br>    Plaintiff,<br>v.<br><br>VLADIMIR DJURDJEV,<br>Individually and/or d/b/a<br>UNITED CARGO, INC., or d/b/a<br>MARUNTE TRUCKING, INC., or<br>d/b/a UNITED 2 LOGISTICS,<br>INC., and/or d/b/a JOHN DOE<br>COMPANY and/or JOHN DOE<br>CORPORATION, AND<br>BOJAN ("BOB") PANIC, Individually<br>and/or d/b/a UNITED CARGO, INC.,<br>or d/b/a MARUNTE TRUCKING, INC.,<br>or UNITED 2 LOGISTICS, INC.,<br>and/or d/b/a JOHN DOE COMPANY<br>and/or JOHN DOE CORPORATION,<br><br>    Defendants. | CASE NO:<br>1:07–CV–1864–BBM |

**DEFENDANTS' RENEWED MOTION TO DISMISS COMPLAINT AND REQUEST FOR ATTORNEY'S FEES**

Comes now Defendants, Vladimir Djurdjev ("Djurdjev"); and Bojan Panic ("Panic," collectively "Defendants"); appearing individually and appearing specially for the purpose of contesting jurisdiction and pursuant to Fed. R. Civ. P. 12b, by and through counsel of record, without waiving and reserving all other

1

defenses available, hereby file this Renewed Motion to Dismiss Fadil Delkic's Verified Amended Complaint and Jury Demand ("Amended Complaint"), and for attorney's fees and expenses pursuant to O.C.G.A. § 9-15-14. Defendants renew their Motion to Dismiss in response to Plaintiff's Amended Complaint and at this Court's permission. Defendants assert that the Complaint should be dismissed because of lack of personal jurisdiction, improper venue, forum non conveniens, insufficiency of process and insufficiency of service of process. In support of this Motion, Defendants rely on their Memorandum of Law attached hereto.

Respectfully submitted, this 8th day of May, 2008.

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,<br><br>  Plaintiff,<br>v.<br><br><br>VLADIMIR DJURDJEV,<br>Individually and/or d/b/a<br>UNITED CARGO, INC., or d/b/a<br>MARUNTE TRUCKING, INC., or<br>d/b/a UNITED 2 LOGISTICS,<br>INC., and/or d/b/a JOHN DOE<br>COMPANY and/or JOHN DOE<br>CORPORATION, AND<br>BOJAN ("BOB") PANIC, Individually<br>and/or d/b/a UNITED CARGO, INC.,<br>or d/b/a MARUNTE TRUCKING, INC.,<br>or UNITED 2 LOGISTICS, INC.,<br>and/or d/b/a JOHN DOE COMPANY<br>and/or JOHN DOE CORPORATION,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO:<br>) 1:07–CV–1864–BBM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia, the undersigned counsel of record for Defendants hereby certifies that this pleading has been composed in Times New Roman 14-point font.

*SIGNATURE ON FOLLOWING PAGE*

3

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC,  )<br>  )<br>    Plaintiff,  )<br>v.  )<br>  )<br>  )<br>  )<br>VLADIMIR DJURDJEV,  )<br>Individually and/or d/b/a  )<br>UNITED CARGO, INC., or d/b/a  )<br>MARUNTE TRUCKING, INC., or  )<br>d/b/a UNITED 2 LOGISTICS,  )<br>INC., and/or d/b/a JOHN DOE  )<br>COMPANY and/or JOHN DOE  )<br>CORPORATION, AND  )<br>BOJAN ("BOB") PANIC, Individually  )<br>and/or d/b/a UNITED CARGO, INC.,  )<br>or d/b/a MARUNTE TRUCKING, INC.,  )<br>or UNITED 2 LOGISTICS, INC.,  )<br>and/or d/b/a JOHN DOE COMPANY  )<br>and/or JOHN DOE CORPORATION,  )<br>  )<br>    Defendants.  ) | CASE NO:<br>1:07–CV–1864–BBM |

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I have electronically filed the **Motion to Dismiss Complaint** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

5

Ralph J. Villani
Attorney for Plaintiff
2055-C Scenic Hwy., N.
Suite 404
Snellville, Georgia 30078
law2001@bellsouth.net

This 8th day of May, 2008

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suite 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VLADIMIR DJURDJEV, )<br>Individually and/or d/b/a )<br>UNITED CARGO, INC., or d/b/a )<br>MARUNTE TRUCKING, INC., or )<br>d/b/a UNITED 2 LOGISTICS, )<br>INC., and/or d/b/a JOHN DOE )<br>COMPANY and/or JOHN DOE )<br>CORPORATION, AND )<br>BOJAN ("BOB") PANIC, Individually )<br>and/or d/b/a UNITED CARGO, INC., )<br>or d/b/a MARUNTE TRUCKING, INC., )<br>or UNITED 2 LOGISTICS, INC., )<br>and/or d/b/a JOHN DOE COMPANY )<br>and/or JOHN DOE CORPORATION, )<br>)<br>Defendants. ) | CASE NO:<br>1:07–CV–1864–BBM |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS

Comes now Defendants, Vladimir Djurdjev ("Djurdjev") and Bojan Panic ("Panic," collectively "Defendants"), by and through counsel of record, hereby file this Memorandum of Law in support of their Renewed Motion to Dismiss showing this Honorable Court the following:

1

## FACTS

On August 7, 2007, Plaintiff Fadil Delkic ("Plaintiff") filed a Complaint and Jury Trial Demand ("Complaint") against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division. *See* Complaint. Plaintiff is a resident of the State of Georgia. Djurdjev and Panic are both residents of the State of Illinois.

Plaintiffs failed to timely serve Defendants. On January 2, 2008, Defendants filed their Motion to Dismiss in this Court. Subsequently, Plaintiff attempted to amend his Complaint three times. On April 4, 2008, this Court issued an order addressing Plaintiff's Complaint and amendments. The Court stated that it had "serious doubts that it may properly exercise personal jurisdiction over the Defendants, or that venue is proper in the Northern District of Georgia." Court Order, April 4, 2008, p. 2-3. The Court granted leave of the Plaintiff to refile an amended complaint, and required Plaintiff to submit a "single, coherent document that includes all jurisdictional allegations, factual allegations, and legal claims." *Id.*, p. 2. In granting permission for Defendant to refile one amended complaint, the Court dismissed Defendants' Motion to Dismiss without prejudice, but granted Defendants' permission to renew their Motion to Dismiss once Plaintiff filed his Amended Complaint. *Id.* p. 4.

On April 3, 2008, Plaintiff filed his Verified Amended Complaint and Jury Demand ("Amended Complaint"). Plaintiff brings the same claims against Defendants, but fails to adequately address why this Court should not dismiss Plaintiff's claims for lack of personal jurisdiction or venue. Accordingly, Defendants renew their Motion to Dismiss under Fed. R. Civ. P. 12(b).

## ARGUMENT AND CITATION OF AUTHORITIES

### A.

### THIS CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER NONRESIDENT DEFENDANTS

It is the Plaintiff's burden, as the party invoking the jurisdiction of the federal court, to set forth the facts which establish the court's personal jurisdiction over the defendant. *See e.g., Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990); *Posner v. Essex Insurance Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999); *Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 626, (11th Cir. 1994). Plaintiff has failed to meet this burden. Plaintiff admits that the Defendants reside and are headquartered in Illinois. (Complaint, ¶¶ 5, 10).

In his Amended Complaint, Plaintiff claims that jurisdiction is proper pursuant to 28 U.S.C. §§1331 and 1341(a)(3). §1341(a)(3) does not exist. §1331

provides jurisdiction in federal court for federal question claims. Plaintiff does not directly address personal jurisdiction as encouraged by this Court. However, Plaintiff claims in a footnote that personal jurisdiction is proper due to the Georgia Long Arm Statute. Amended Complaint, note 1. However, Plaintiff has failed to show why the Georgia Long Arm Statute applies in this case, as directed by this Court. It is not clear what Defendants' arguments are for showing that long-arm personal jurisdiction is proper. Plaintiff only argues that personal jurisdiction is proper because a trucking broker cancelled one of Defendants' shipments. *See* Amended Complaint, p. 2. Plaintiff does not raise facts or arguments that Defendants' have satisfied the minimum contacts necessary with Georgia to find personal jurisdiction over this matter. Plaintiff has not shown that Defendants have transacted any business with this state. O.C.G.A. §9-10-91. Plaintiff has not shown that Defendants ever committed a tortious act within this state. *Id.* Plaintiff has not shown that Defendants committed a tortious act outside this state that caused injury within this state where Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenues from goods used or consumed or services rendered in this state." *Id.* Therefore, Plaintiff has failed to meet the requirements under the Georgia Long Arm Statute, and has failed to show that personal jurisdiction is proper in this

4

Court. Accordingly, this case should be dismissed for lack of personal jurisdiction over the nonresident Defendants.

### B.

### THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE

This case must also be dismissed because of improper venue. Plaintiff asserts that venue is proper in the District Court for the Northern District of Georgia because "Plaintiff has chosen this venue for his claims against these Defendants, in part, as is his right, and, more specifically, because he, by law, has that right especially under the federal diversity provisions and the facts surrounding his claims." Amended Complaint, p. 3. Plaintiff also claims that venue is proper due to 48 incidents of "entry into Georgia," as outlined in Plaintiff's verification and affidavit. Amended Complaint, p. 4. Defendants vigorously deny any allegations of entry into Georgia. Notwithstanding, neither Plaintiff's Amended Complaint nor his affidavit identify, discuss, or explain what these alleged "48 incidents" are. Plaintiff fails to identify who or what entered Georgia, for what purpose entry was made, or when entry occurred. Plaintiff also fails to explain how these incidents allow venue in this Court.

Plaintiff also claims that venue is proper in this Court because Plaintiff lives in this District, despite this Court's advisement that "[t]he location of Mr. Delkic,

as the plaintiff here, is not relevant to the determination of proper venue." Court Order, April 4, 2008.

Plaintiff claims that jurisdiction is founded on both diversity and on federal question jurisdiction. Therefore, under 28 U.S.C. 1391, venue is proper only where: 1) any of the defendants reside if all of the defendants reside in the same state; 2) a district where a substantial part of the events occurred or where the property in question is located; or 3) where defendants may be found, if there is no other district in which a claim may be brought. Plaintiff has failed to meet any of these requirements. Therefore, venue is not proper in this Court. Accordingly, Defendants respectfully request that this case be dismissed.

### C.

### THIS CASE SHOULD BE DISMISSED BASED ON FORUM NON CONVENIENS

A federal court has discretion to dismiss on *forum non conveniens* grounds "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller,* 510 U.S. 443, 447-448, 114 S.Ct. 981, 127 L.Ed.2d 285. Such a dismissal reflects a court's assessment of a

"range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1. In this situation, all of the Defendants are residents of Illinois, material witnesses would be located in Illinois, and any applicable documents would be located in Illinois. Therefore, the chosen forum is inappropriate and is oppressive and vexatious to Defendants out of all proportion to Plaintiff, and should be dismissed from this Court.

**D.**

**PLAINTIFF'S CASE SHOULD BE DISMISSED FOR INSUFFICIENY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS**

Plaintiff has failed to show that service of process was proper and sufficient to survive Defendants' Motion to Dismiss Complaint. Fed. R. Civ. P. 4(m) provides that if the defendant is not served within 120 days, the court "must dismiss the action."

Plaintiff has failed to explain why Defendants were not served. Diligence in attempting service is required in order to extend the 120 days, and "half hearted efforts" will not excuse a dismissal of the case. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81 (3rd Cir. 1987), *cert. denied*, 108 S.Ct. 455, 484 U.S. 965 (1987). Furthermore, failure to move for an extension of time is evidence of a lack of

7

diligence. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D.Md. 1986). Plaintiff failed to move for an extension of time. Therefore, the Plaintiff's action **must** be dismissed against Defendants in accordance with Rule 4(m).

In addition, Plaintiff has attempted to serve Defendants beyond the territorial limits of the District Court of the Northern District of Georgia. Fed. R. Civ. P. 4(k) allows service of a summons on a party where the party is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Defendants are not subject to the general jurisdiction of the courts of Georgia and service of the summons was improper. Therefore, the Complaint should be dismissed.

### E.

### DEFENDANTS SHOULD BE AWARDED ATTORNEY'S FEES AND COSTS OF LITIGATION

Pursuant to O.C.G.A. § 9-15-14(b),

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action … that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct …. As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious.

In addition, attorney's fees and costs are proper where the opposing party was "stubbornly litigious," put the party to "unnecessary trouble and expense," or "acted in bad faith." *Blank v. Preventive Health Programs, Inc.*, 504 F.Supp. 416, 421 (S.D.Ga. 1980). Only one of these conditions need be established to recover attorney's fees and costs of litigation. *Id.*

Here, Defendants have expended extensive time, resources, and money in defending Plaintiff's frivolous action against them. Plaintiff filed suit on August 7, 2007, but failed to serve any of the Defendants until more than four months thereafter. Plaintiff has since filed several frivolous and incomprehensible motions against Defendants, forcing Defendants to respond to each one, resulting in a significant expenditure of money, time, and effort to defend against Plaintiff's frivolous claims that lack any substantial justification.

Furthermore, Plaintiff filed this case against non-resident Defendants in a Court that lacks personal jurisdiction and subject matter jurisdiction. There is absolutely no basis set forth in Plaintiff's Complaint to establish either jurisdiction or venue. Therefore, attorney's fees and expenses and costs of litigation should be levied against Plaintiff.

## CONCLUSIONS

Wherefore, Defendants seek an Order Dismissing Plaintiff's Amended Complaint against Defendants based upon lack of personal jurisdiction, lack of venue, forum non conveniens, and insufficient service and insufficient service of process. Furthermore, Defendants request the awarding of attorney's fees and costs of this litigation.

Respectfully submitted, this 8th day of May, 2008.

s/ Salmeh Fodor, Esq.
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suit 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email: SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VLADIMIR DJURDJEV, )<br>Individually and/or d/b/a )<br>UNITED CARGO, INC., or d/b/a )<br>MARUNTE TRUCKING, INC., or )<br>d/b/a UNITED 2 LOGISTICS, )<br>INC., and/or d/b/a JOHN DOE )<br>COMPANY and/or JOHN DOE )<br>CORPORATION, AND )<br>BOJAN ("BOB") PANIC, Individually )<br>and/or d/b/a UNITED CARGO, INC., )<br>or d/b/a MARUNTE TRUCKING, INC., )<br>or UNITED 2 LOGISTICS, INC., )<br>and/or d/b/a JOHN DOE COMPANY )<br>and/or JOHN DOE CORPORATION, )<br>)<br>Defendants. ) | CASE NO:<br>1:07–CV–1864–BBM |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D of the Local Rules of the Northern District of Georgia, the undersigned counsel of record for Defendants hereby certifies that this pleading has been composed in Times New Roman 14-point font.

*SIGNATURE ON FOLLOWING PAGE*

11

<u>s/ Salmeh Fodor, Esq.</u>
Attorney Bar No. 141464
Attorney for Vladimir Djurdjev
and Bojan Panic.
Marchman & Kasraie, LLC
1755 The Exchange, Suit 339
Atlanta, GA 30339
Phone: (678) 904-0085
Fax: (770) 874-0344
Email:  SKFodor@mklawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FADIL DELKIC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VLADIMIR DJURDJEV, )<br>Individually and/or d/b/a )<br>UNITED CARGO, INC., or d/b/a )<br>MARUNTE TRUCKING, INC., or )<br>d/b/a UNITED 2 LOGISTICS, )<br>INC., and/or d/b/a JOHN DOE )<br>COMPANY and/or JOHN DOE )<br>CORPORATION, AND )<br>BOJAN ("BOB") PANIC, Individually )<br>and/or d/b/a UNITED CARGO, INC., )<br>or d/b/a MARUNTE TRUCKING, INC., )<br>or UNITED 2 LOGISTICS, INC., )<br>and/or d/b/a JOHN DOE COMPANY )<br>and/or JOHN DOE CORPORATION, )<br>)<br>Defendants. ) | CASE NO:<br>1:07–CV–1864–BBM |

### CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I have electronically filed the

**Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss**

with the Clerk of Court using the CM/ECF system which will automatically send

e-mail notification of such filing to the following attorney of record:

13

                Ralph J. Villani
              Attorney for Plaintiff
            2055 Sceni c Hwy., N.
            Snellville, Georgia 30078
            law2001@bellsouth.net

This 8th day of May, 2008

                          <u>s/ Salmeh Fodor, Esq.</u>
                          Attorney Bar No. 141464
                          Attorney for Vladimir Djurdjev
                          and Bojan Panic.
                          Marchman & Kasraie, LLC
                          1755 The Exchange, Suit 339
                          Atlanta, GA 30339
                          Phone: (678) 904-0085
                          Fax: (770) 874-0344
                          Email: SKFodor@mklawllc.com