IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO.: __1:07-cv-1864-BBM__ |
| vs. | ) | |
| | ) | |
| VLADIMIR DJURDJEV, BOJAN | ) | *Hon Beverly B. Martin, Presiding* |
| ("BOB") PANIC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | *RESPONSE* |
| | ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION
TO DISMISS COMPLAINT AND REQUEST FOR ATTORNEY'S FEES
AND AUTHORITY THEREFOR ("RESPONSE")

Plaintiff hereby responds to Defendants' *Renewed Motion to Dismiss Complaint and Request For Attorneys' Fees* ("Renewed Motion and Request") and shows this Court as follows:

Preliminary Argument:

Because Defendants have filed subject motion to dismiss, this Court must accept as true the factual allegations in Plaintiff's Complaint, as twice-amended [Docs. 1, 14 and 15]. See, *e.g.*, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, (113 S.Ct. 1160) (1993).

In support of his *Response*, Plaintiff relies, in part, upon: a) The entire record in this case; b) Plaintiff's Affidavit and verification, Certification of Service Upon Defendants, and Plaintiff's Verified Amended Complaint; and, c) Plaintiff's

factual allegations, arguments and brief.

Procedural History and Relevant Factual Allegations:

1.   Plaintiff filed his Complaint on August 7, 2007. [Doc. 1]

2.   As shown, Plaintiff was diligent in that he (1) tried to get
     deliveries to Chicago, IL in the beginning of November, 2007
     so that he could personally deliver same to Chicago law
     enforcement personnel for service upon Defendants; (2) tried
     to get his friends in Chicago, IL to deliver the service
     documents; (3), was finally able to arrange for a delivery
     to Chicago, IL and once there, made at least 15 phone calls
     and tried at least four (4) different locations to deliver
     service documents and pay for said service on Defendants;
     (5) took a taxi to the Cook County Sheriff's Office and,
     only with the intervention of Providence, was able to
     arrange and pay for service of said documents on Defendants;
     (6) was assured that, given the time constraints and fast-
     approaching 120-day limit, that said documents would be
     served upon Defendants on or before the deadline, December
     5, 2007 and, finally, (7) Plaintiff reasonably relied upon
     the Cook County Sheriff's Office personnel's assertions
     (especially those of the aforementioned detective),
     otherwise he would have located and paid a private process
     server to serve defendants with said documents that day and
     had same served that very day (*e.g.*, December 3, 2007).

3.  Plaintiff's verified Amended Complaint specifically
    addresses Defendants' contentions concerning subject matter
    jurisdiction, venue and diversity as shown, in part, by
    Plaintiff's verified allegations and prayers for relief.

4.  Jurisdiction and venue[1], therefore, are proper in this Court
    as supported by, in part, recent holdings of the Georgia
    Appellate Courts, jurisdiction and venue is proper in this
    Court in this case.  See _i.e._ Vibratech, Inc. v. Frost, et
    al., — S.E.2d —, 2008 WL 796425 (Ga.App.); Mitsubishi Motors
    Corp. v. Coleman, 290 Ga.App. 86 (658 S.E.2d 843) (2008);
    Home Depot Supply, Inc. v. Hunter Management, LLC., 289
    Ga.App 286 (656 S.E.2d 898) (2008), inapposite to Innovative
    Clinical & Consulting Services, LLC v. First national Bank
    of Ames, 279 Ga. 672, 674 (620 S.E.2d 352, 354) (2005) cited
    by this Court BUT argued in error by this Court.

5.  In fact "this Court" previously ruled that, the:

---

[1]  Venue under GA Long-Arm Statute: "See OCGA § 9-10-93;
_Evers_ [_v. Money Masters_], supra, 203 Ga.App. at 548, 417 S.E.2d
160 [(1992)] (venue lies in county in which nonresident
defendants presented checks to plaintiff); _Unger v. Bryant Equip.
etc._, 255 Ga. 53, 54- 55(2), 335 S.E.2d 109 (1985) (Wyoming
manufacturer "transacted business" for purposes of OCGA § 9-10-93
in customer's home county when it accepted payment for equipment
delivered there by its distributor); see also _Innovative Clinical
etc. v. First Nat. Bank of Ames, Iowa_, 279 Ga. 672, 675-676, 620
S.E.2d 352 (2005) (postal and telephonic contacts may suffice to
create personal jurisdiction over nonresident corporation under
the "transacting any business" standard of OCGA § 9-10-91(1))."
Dickey v. Clipper Petroleum, Inc. 280 Ga.App. 475, 477 (634
S.E.2d 425, 428) (2006).

"Supreme Court of Georgia's most recent statement of the
scope of its long-arm statute makes clear that under
O.C.G.A. § 9-10-91(1), a court can exercise personal
jurisdiction over a defendant who 'transacts business' in
the state of Georgia. <u>See</u> <u>Innovative Clinical & Consulting
Services, LLC v. First National Bank of Ames</u>, --- Ga. ----
(2005), 279 Ga. 672, 620 S.E.2d 352, 2005 WL 2411673 (Oct.
3, 2005). **The physical presence of the defendant in Georgia
is not required**. <u>Id</u>. ... the court should not minimize the
'intangible contacts' of the defendant with the forum state.
<u>Id</u>. In <u>Innovative Clinical</u>, the Georgia Supreme Court
remanded the case for the trial court to determine whether
it had personal jurisdiction considering the postal and
telephonic contacts between the defendant and the forum
state. <u>Id</u>."

(Emphasis Supplied) <u>Global Payments Direct, Inc. v. American</u>

<u>Bank of Commerce</u>, *not Reported in* F.Supp.2d, 2006 WL 269967,

N.D.Ga.,2006.

6.    For, in part, the within reasons, this Court should DENY

Defendants' Motion and Request and GRANT all of the relief

Plaintiff requests relating to and concerning same.

*ARGUMENT AND CITATION TO AUTHORITY*

I.    <u>**Preliminary Argument**</u>:

Because Defendants have filed subject motion to dismiss,

this Court must accept as true the factual allegations in

Plaintiff's *Verified Amended Complaint*. <u>See</u>, *e.g.*, <u>Leatherman v.</u>

<u>Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507

U.S. 163, 164, (113 S.Ct. 1160) (1993).

This Court is reminded that Defendants have not been

prejudiced by the late service in this case-service was actually

effected seven days after the 120-day limit expired, the case is

still in its early stages, and Plaintiff has served Defendants
with copies of all of his filings since December 12, 2007.  In
addition, a dismissal pursuant to Rule 12(b)(5) would be without
prejudice. See, *e.g.*, Fed.R.Civ.P. 4(m) (stating that dismissal
for failure to serve within the 120-day period is without
prejudice). As dismissal of Plaintiff's complaint would only lead
to Plaintiff refiling the instant case, judicial economy would be
best served by denying Defendants' motion to dismiss.

II. **PLAINTIFF'S AMENDED COMPLAINT IS PROPERLY BEFORE THIS COURT**:

The Court granted Plaintiff leave to file same and he did.

A. **SERVICE UPON DEFENDANTS WAS NOT DEFECTIVE PURSUANT TO FED.R.CIV.P. 12(B)(4-5) AND/OR FED.R.CIV.P. 4(K AND M) AS EVIDENCED BY SUCH RULES THEMSELVES AND/OR CASE LAW OPPOSING SUCH DRACONIAN DISMISSALS AND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION AND REQUEST**

Defendants, inexplicably rely upon the "older, stricter"
version of Rule 4, which, at the time, provided the following:
If service of the summons and complaint is not made upon a
defendant within 120 days after the filing of the complaint, the
court, upon motion or on its own initiative after notice to the
plaintiff, shall dismiss the action without prejudice as to that
defendant or direct that service be effected within a specified
time; provided that if the plaintiff shows good cause for the
failure, the court shall extend the time for service for an
appropriate period.  Fed.R.Civ.P. 4(m).

Plaintiff has shown good cause (but he was not required do

so); and, pursuant, in part, to case law cited herein, this Court must allow the Complaint, as amended, and service upon Defendants relate back to said filing, as allowed under the Federal Rules.

Further, Defendants seem to rely upon another outdated provision of the Rules, to wit: "(j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant...." Fed. Rule Civ. Proc. 4(j) (1988).

Notwithstanding Defendants' apparent argument, in effect, to the contrary, this Court must address the Rules as they are amended. The 1983 Rule 4 changes:

> completed a shift in responsibility for service from the United States marshals to the plaintiff. See *Mullenix*, Hope Over Experience: Mandatory Informal Discovery and the Politics of Rulemaking, 69 N.C.L.Rev. 795, 845 (1991). With marshals no longer available as routine process servers, the Judicial Conference considered a time control necessary; the Conference proposed, and this Court approved, 120 days from the filing of the complaint as the appropriate limit. Congress relaxed the rule change by authorizing an extension of the 120-day period if the party responsible for service showed "good cause." See *supra,* at 1642-1643; 128 Cong. Rec. 30931-30932 (1982), reprinted in 28 U.S.C.App., p. 647.

Fed. Rule Civ. Proc. 4.

Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period "even if

there is no good cause shown." See Advisory Committee's Notes on

Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654. And tellingly, the

text of Rule 4 sets out, as "[a] specific instance of good cause,"

*ibid.,* allowance of "a reasonable time" to "cur[e] the failure to

serve multiple officers ... of the United States if the plaintiff

has effected service on either the United States attorney or the

Attorney General" within the prescribed 120 days. Fed. Rule Civ.

Proc. 4(i)(3).

Rule 4(m), captioned "Time Limit for Service," currently

provides:

> "If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint,
> the court, upon motion or on its own initiative after notice
> to the plaintiff, shall dismiss the action without prejudice
> as to that defendant *or direct that service be effected within
> a specified time;* provided that if the plaintiff shows good
> cause for the failure, the court shall extend the time for
> service for an appropriate period...."

(Emphasis Added) Fed. Rule Civ. Proc. 4 (m).

The Federal Rules thus convey a clear message:

**<u>Complaints are not to be dismissed if served within 120
days, or within such additional time as the court may
allow</u>**.

(Emphasis Supplied) <u>Henderson v. U.S.</u>, 517 U.S. 654 (116 S.Ct.

1638) (U.S. (Tex.),1996).

Although Defendants would have this Court rely upon the fact

that "[s]ervice of process is a jurisdictional requirement: [and

that this] court lacks jurisdiction over [Defendants as they had]

not been served [within 120 days of filing of Plaintiff's

*Page 7 of  25*

complaint]."[2] In this case, however, Defendants were duly and properly served by the Cook County, IL, Sheriff's office on December 12, 2007 and said service relates back to said filing.

Defendants also present a cacophony of reasons why Defendants were improperly and, again, untimely served.

Rule 4(c)(2) provides, in relevant part that, "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Fed.R.Civ.P. 4(c)(2). Additionally, Rule 4(e) provides that service may be effected upon an individual: "(1) pursuant to the law of the state in which the district court is located ...; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house ... or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e).

Illinois law[3] provides that process may be served by the county sheriff in which defendants are located, 735 ILCS 5/2-202, 5/2-203, 5/2-204 and/or 5/2-205; Defendants were personally

---

[2] *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir.1990), <u>see</u>, also, Thomas v. Box 231 Fed.Appx. 858, 2007 WL 1266055 (C.A.11 (Fla. (C.A.11 (Fla.),2007)

[3]  Notice to Defendants that Illinois (foreign) law was being used (for perfection of service) by Plaintiff herein was given pursuant, in part, to Plaintiff's Georgia' Long-Arm Statute allegations in his Amended Complaint as provided by Georgia law.

served by said sheriff's deputy, as evidenced by Plaintiff.

Defendants fail to address, or even acknowledge that the standards for proper service as set forth in Federal Rule of Civil Procedure 4 are incorporated into Rule 12(b)(5). See, 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.2004); see Lilly v. Winter, No. 1:05cv879, 2006 WL 543977, at *1 (E.D.Va. March 3, 2006) (incorporating the Rule 4(m) time limit into a Rule 12(b)(5) analysis).

There is no doubt that Rule 4(m), as amended, states that, "if the plaintiff shows good cause for the failure [to effect service within 120 days after the filing of the complaint], the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).[4]

But, as ruled by both the United States Supreme Court and the Eleventh Circuit Court of Appeals Plaintiff need not even show that.

---

[4]Rule 12(b)(5) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto ... except that the following defenses may at the option of the pleader be made by motion: ... (5) insufficiency of service of process...." See Fed.R.Civ.P. 12(b)(5); and the former Rule 4(j) provided: If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. See Fed.R.Civ.P. 4(j) (1992).

First:  The United States Supreme Court stated that "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown, " Henderson, at 662-63 (quoting Fed.R.Civ.P. 4 advisory committee's note).  Thus, it follows that "**[c]omplaints are *NOT* to be dismissed if served within 120 days *OR* within such additional time as the court may allow.**"[5]

Second: The Eleventh Circuit has relied on the Advisory Committee's Notes on Rule 4, in which the Committee noted that the 1993 amendment to the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subsection even if there is no good cause shown."[6]

**B.    PLAINTIFF'S AMENDED COMPLAINT MEETS THE MINIMUM SUBJECT MATTER JURISDICTION REQUIREMENT OF $75,000.00**

Plaintiff's Amended Complaint specifically addressed Defendants' contentions relating to and concerning subject matter jurisdiction and diversity under, in part, Section 1332.  See, *i.e.*, Plaintiff's *Verified Amended Complaint*, Combined Federal and State Claims with Special Damages of $64,910.00 and total damages of $734,640.00 in the aggregate for which he prayed.

Thus, this Court must deny Defendants' *Renewed Motion and*

---

[5] (Emphasis Supplied) Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132, quoting Henderson, 517 U.S. 654, 663 (1996).

[6] *See* Horenkamp, 402 F.3d at 1132 (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments); Anderson v. Osh Kosh B'Gosh, 2006 WL 940660 (C.A.11 (Ga. (C.A.11 (Ga.),2006).

*Request* as it relates to and/or concerns jurisdiction under, in part, the provisions of 28 U.S.C.A. § 1331 (federal question) and/or subject matter jurisdiction under, in part, 28 U.S.C.A. § 1332(*e.g.*, diversity requirements have been met in this case).[7]

## C.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

As Defendants' argument seems to confuse jurisdiction and territorial limits as they relate to Fed.R.Civ.P. 4(k), as amended in 1993, Plaintiff will address *Rule 4* also below.

Plaintiff's Amended Complaint [Docs. 1, 14 and 15] bases this Court's personal jurisdiction over Defendants, not on Plaintiff's residence here in Georgia alone, but, in part, on Defendants acts and omissions affecting Plaintiff, a Georgia resident, and/or Defendants' contacts with Georgia during the commission of and/or furtherance of said egregious acts, their schemes, RICO activities, racketeering activities, nefarious activities, and the like.

The Advisory Committee/Commentaries on Rule 4(k) states, *inter alia*:

C4-2. Personal Jurisdiction: An Overview of Rule 4.
                         *   *   *
The provision that made the state the basic geographical unit for summons service in a federal action, which had been part of subdivision (f) under the old rule, has been dropped, the new rule apparently relying on state law to do that job under the adoptive provision of subdivision (K)(1)(A).

---

[7]  <u>See</u>, for example, <u>Daniels v. Daniels</u>, 162 Fed.Appx. 288, 206 WL 39252 (C.A. 5 (Tex) 2006).

(Emphasis Supplied) Federal Rules of Civil Procedure Rule 4.

In fact, Rule 4(k) is not applicable here and Defendants confuse that subsection with 4(e)(1) and 4(h)(1) as outlined in the Advisory Committee Commentaries:

> **Service by State Law Method Should Be Made Within Federal 120-Day Time Limit**
>
> Even if the plaintiff is using a state method of service, as allowed by subdivisions (e)(1) and (h)(1), ***the plaintiff should of course do <u>everything</u> possible to see that it is carried out within the 120-day time limit imposed on summons service by subdivision (m) of Rule 4.*** On this point, see, for example, <u>Coutinho, Caro & Co. v. Federal Pacifica Liberia Ltd.</u>, 127 F.R.D. 150 (ND Ill. 1989).

(Emphasis Supplied) Federal Rules of Civil Procedure Rule 4.

The comment, "***the plaintiff should of course do everything possible to see that it is carried out within the 120-day time limit imposed on summons service by subdivision (m) of Rule 4,***" (Emphasis Supplied), comports with the holdings of the United States Supreme Court in the <u>Henderson</u> case cited in footnote 4 above, with the Eleventh Circuit in the <u>Horenkamp</u> case cited in footnotes 4 and 5 above and with the Eleventh Circuit in the <u>Anderson v. Osh Kosh B'Gosh</u> case cited in footnote 5 above.

Defendants were served according to the requirements and laws of Illinois, their resident-State. <u>See</u>, *i.e.*, 735 ILCS 5/2-202, 5/2-203, 5/2-204 and/or 5/2-205. "Generally process may be served in a manner which is reasonably calculated to give a party actual notice of the suit instituted against it. Hoffman Motors

Corp. v. Alfa Romeo S.p.A., 244 F.Supp. 70, 80 (S.D.N.Y.1965). Service [on these Defendants] here comported entirely with the policy which underpins Rule 4 and which is reflected in that Rule's formal requirements." Call Carl, Inc. v. BP Oil Corp., 391 F.Supp. 367 (D.C.Md. 1975).

"Defendants ... challenge Plaintiff's complaint on jurisdictional grounds. ... [and appear to] argue that they have insufficient contacts with [Georgia] to justify this court's exercise of personal jurisdiction over them.  The service of process rules of the state where the district court sits [Georgia] govern personal jurisdiction issues." *Bane v. Netlink, Inc.,* 925 F.2d 637, 639 (3d Cir.1991) and Fed.R.Civ.P. 4(e).

Our Long-Arm Statute[8] permits state courts to exercise *in personam* jurisdiction to the fullest extent allowed by and to be based on the most minimum contact with Georgia allowed under the Constitution of the United States.  See, O.C.G.A. § 9-10-91.[9]

---

[8] Under the Georgia *Long Arm Statute* venue and personal jurisdiction of these Defendants is proper.  See, *FN #9*, infra.

[9] Although the [Defendants] did not have a physical presence in this state, it is undisputed that the [Defendants] had both telephone and written communication with {Plaintiff] with regard to the [pick-up and drop-off of contracted-for loads through their brokering ("broker-customer accounts")]. Without question, those [broker-customer] accounts were a part of the [Defendants'] "business." . . . Even if the [Defendants] did not "regularly" conduct business or engage in a "persistent course of conduct" in Georgia, OCGA § 9-10-91(3), no doubt exists that the[y] sought to derive economic benefit from its interstate business activity involving [Plaintiff and subject broker-customers/accounts]. To that end, its postal, telephone, and other intangible Georgia

The exercise of jurisdiction over these Defendants is
constitutionally proper as further explained below[10] and in *FN#8*.

---

contacts suffice to bring it within the purview of OCGA § 9-10-
91(1). See generally *Aero Toy Store v. Grieves,* 279 Ga.App. 515,
631 S.E.2d 734 (2006). ... [T]hese acts meet the constitutional
standard for minimum contacts. See *Coe & Payne Co. v. Wood-Mosaic
Corp.,* 230 Ga. 58, 60, 195 S.E.2d 399 (1973). Clearly,[their]
"business" was not brought to Georgia through a "unilateral
action" of [Plaintiff]. See *Burger King Corp. v. Rudzewicz,* 471
U.S. 462, 474-475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The
[Defendants] sought out [Plaintiff to pick-up and drop-off the
loads for which it contracted], and Georgia has an interest, as
does every state, in providing its own citizens with a convenient
forum for redressing injuries wrought by nonresidents who have
sought the state's citizens out for the purpose of business gain.
Id. at 473-474, 105 S.Ct. 2174. Because the [Defendants]
transacted some business in Georgia, even if only with this one
customer [Plaintiff], and because that business was sufficient to
meet the constitutional standard for minimum contacts with this
state, [this Court must deny Defendants'] motion to dismiss for
lack of personal jurisdiction [and/or venue].

First Nat. Bank of Ames, Iowa v. Innovative Clinical & Consulting
Services, LLC, 280 Ga.App. 337 (634 S.E.2d 88) (2006).

     [10]Personal jurisdiction of these Defendants may be based
either on the conduct of these non-resident Defendants (one or
both of them) which gave rise to the cause of action (**specific
jurisdiction**), or on either or both Defendant's general contacts
with Georgia, provided those contacts were "continuous and
systematic", (**general jurisdiction**). *Burger King Corp. v.
Rudzewicz,* 471 U.S. 462, 472, 473 n. 15, 105 S.Ct. 2174, 2182,
2182 n. 15, 85 L.Ed.2d 528 (1985) and *Helicopteros Nacionales de
Colombia, S.A. v. Hall, (Hall),* 466 U.S. 408, 414 n. 8 and 9, 104
S.Ct. 1868, 1872 n. 8 and 9, 80 L.Ed.2d 404 (1984).
General Jurisdiction:
     Defendants allege that they are <u>only</u> subject to the *General
Jurisdiction* of this Court, if at all; they are arguing that if
the general jurisdiction exists at all there were sufficient
contacts to justify an assertion of 'personal jurisdiction over
[them] in a suit not arising out of or related to [their]
contacts with [Georgia,] the forum.' " *Covenant Bank for Savings
v. Cohen,* 806 F.Supp. 52, 55 (D.N.J.1992), quoting *Hall, supra,*
466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. They seem to allege
that their "minimum contacts" are not enough to establish general

Plaintiff's allegations in his Complaint, as amended and relied upon proof that these Defendants have "purposefully directed" their activities at him, a resident of Georgia, the forum state, "deliberately engaged" in "significant activities" in Georgia, and/or created "continuing obligations" with Plaintiff, a Georgia resident, establishes personal jurisdiction over these defendants in litigation arising out of such egregious, racketeering, fraudulent and nefarious activities as alleged in Plaintiff's *Amended Complaint*. *Burger King, supra,* 471 U.S. at 475-76, 105 S.Ct. at 2183-84 (Citations omitted.)" See, *e.g.,* <u>Violanti v. Emery Worldwide A-CF Co.</u>, 847 F.Supp. 1251 (M.D.Pa.,1994).

Defendants do not appear to deny that at least minimum contacts exist.  Thus, this court must consider whether its exercise of personal jurisdiction over the Defendants "accords

---

jurisdiction but, as Plaintiff alleges in his Complaint, as amended, Defendants' "contacts to [Georgia were] continuous and substantial." *Provident National Bank v. California Federal Savings & Loan Association,* 819 F.2d 434, 437 (3d Cir.1987). Accord: *Hall, supra,* 466 U.S. at 415-16, 104 S.Ct. at 1872-73. <u>Specific Jurisdiction</u>:
    Defendants fail to address this Court's personal jurisdiction of them through the specific jurisdiction provision due to Defendants' "purposefully directing activity toward the forum state [Georgia]," *Applied Biosystems, Inc., v. Cruachem, Ltd.,* 772 F.Supp. 1458, 1470 (D.Del.1991), such that [they, individually and/or together] could 'reasonably anticipate being haled into court there,' *Burger King, supra,* 471 U.S. at 474, 105 S.Ct. at 2183; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) and *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239 (1958).

with the notions of 'fair play and substantial justice.' " *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 (3d Cir.1993), citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

The Defendants have failed to carry the burden of showing that such is not the case under the factors relevant to that determination are: 1) the interests of the forum state; 2)the plaintiff's interest in obtaining relief; and, 3) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 4) the shared interest of the several States in furthering fundamental substantive social policies. *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 701 (3d Cir.1990), citing *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1032 (1987).

This Court, in making this determination, if the requisite minimum contacts have been established, the interests of the Plaintiff and Georgia, the forum state, in the exercise of jurisdiction may "'justify even the serious burdens placed on the alien defendant. *Grand Entertainment Group,* 988 F.2d at 483." Id.

Having the burden of proof, Defendants have not sufficiently proven their challenges to personal jurisdiction. Even if they had met that burden, which Plaintiff denies/refutes, Plaintiff has met his burden of proving that jurisdiction of these Defendants is proper given his federal RICO, mail fraud, wire

fraud claims, and "other competent evidence," *North Penn Gas Co.*

*v. Corning Natural Gas Corp., per curiam,* 897 F.2d 687, 689 (3d

Cir.), *cert. denied,* 498 U.S. 847 (111 S.Ct. 133) (1990).

   Plaintiff has also met his burden of proving that

jurisdiction of these Defendants is proper under the Georgia

Long-Arm Statute and federal law; Sections 1331 and 1332.[11]

   D.   <u>**VENUE IS PROPER IN THIS COURT**</u>

   Plaintiff's verified Amended Complaint bases venue in this

Court, not only on Plaintiff's residence here in Georgia, but on,

in part,  Defendants' acts and omissions and conspiracies to

commit or omit same, done individually and/or in concert with

each other or others, affecting Plaintiff, a Georgia resident,

and, thus, the Georgia Long-Arm Statute[12],, <u>and/or</u> Defendants'

---

   [11] <u>See</u>, *e.g.*, Plaintiff's verified Amended Complaint.

   [12] Under, in part, the Georgia *Long arm Statute* venue in
this Court and personal jurisdiction over Defendants is proper:

   <u>A court of this state may exercise personal jurisdiction</u>
   <u>over any nonresident</u> ..., <u>as to a cause of action arising</u>
   <u>from any of the acts, omissions</u> ... enumerated in this
   Code section, <u>in the same manner</u> as if he were a resident
   <u>of the state,</u> <u>if</u> in person or through an agent, <u>he</u>:
   (1) Transacts <u>any</u> business within this state; [or]
   (2) Commits a <u>tortious act or omission within this state</u>;
   ...or...(3) <u>Commits a tortious injury in this state</u>
   <u>caused by an act or omission outside this state</u> if the
   tort-feasor regularly does or solicits business, <u>or</u>
   <u>engages in any other persistent course of conduct, or</u>
   <u>derives substantial revenue from</u> goods used or consumed
   or <u>services rendered in this state</u>; ...

(Emphasis Supplied) O.C.G.A. § 9-10-91.

contacts with Georgia during the commission of and/or furtherance

of said egregious acts, their schemes, RICO activities,

racketeering activities, nefarious activities, and the like as

outlined in Plaintiff's Renewed Amended Complaint.[13]

**E.    THERE IS NO REASON TO DISMISS THIS CASE BASED UPON *FORUM NON CONVENIENS* OR ON ANY OTHER GROUNDS**

Defendants, with all of the *CHUTZPAH* they can muster, cry

*forum non conveniens* because to have this case tried before this

Court would be, to paraphrase, **oppressive and vexatious to them**

**out of all portion to Plaintiff's convenience or chosen forum.**

These same Defendants have nearly destroyed Plaintiff with their

egregious acts, racketeering activities, nefarious schemes and

yet seek this Court's equitable powers where their "hands are

black as coal from the fires of *hell*."  Their prays go beyond

*Chutzpah*, they border on arrogance and total disregard to any

decency or remorse.  Defendants purposefully and consciously

---

[13]    Plaintiff has the under federal *Diversity* provisions [section 1332] and the facts surrounding his claims against these Defendants' for their illicit and/or illegal acts and omissions directed at him, the Defendants' contacts with Georgia (using and benefiting from the laws of Georgia and the protections afforded to them by said laws), as also provided, in part, by the Georgia Long-Arm Statute and Defendants tortuous acts directed at Plaintiff, a Georgia resident and the 48 incidents of "entry into Georgia" by Defendants, as brokers for subject loads outlined in Plaintiff's attached and incorporated Affidavit (and verification) to further their criminal and/or tortuous fraud, their schemes, their illicit and/or illegal activities and omissions, their racketeering activities and enterprise (Defendants under, in part, Georgia RICO, are and enterprise and should be consider as such by this Court).

reached their tentacles into Georgia to injure Plaintiff, they used Georgia's laws to protect them and to hide their illicit, illegal and nefarious activities and now they want this Court to shield them from having to "face the music" here in Georgia.

The United States Supreme Court has clearly mandated that:

> unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. ... Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.
>     There is a local interest in having localized controversies decided at home.
>     There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

(Emphasis Supplied) <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (67 S.Ct. 839) (1947), *superceded by statute on other grounds,* as mentioned in <u>Pergo v. Shaw Industries</u>, 2003 WL 24129779 (N.D. Ga., 1:03-cv-1709-BBM) (Sept. 16, 2003).

This Court, in the <u>Pergo</u> case, clearly enunciated the rules laid down by the U.S. Supreme Court in <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22 (1988) where it pointed out that:

> In considering a motion to transfer under section 1404(a), the burden is on the moving party to establish the propriety of the transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)." [***and most importantly, as in this case***] "Unless the balance IS STRONGLY IN

FAVOR of [Defendants], the Plaintiff's choice of forum should NOT be disturbed. _Robinson v. Giamarco & Bill, P.C.,_ 74 F.Supp. 253, 260 (11th Cir. 1996)." See, also, Bell v. K-Mart Corp., 848 F.Supp. 996 (N.D.Ga. 1994) (Carnes, J.) "Transfer should be DENIED if it would [as would be the case, here] merely shift inconvenience from one party to another. Id. at 998.

(Emphasis Supplied) Pergo v. Shaw Industries, 2003 WL 24129779

(N.D. Ga., 1:03-cv-1709-BBM) (Sept. 16, 2003).

Georgia is the State whose laws have been violated and whose citizen (Plaintiff) has been harmed by the illegal and illicit and nefarious activities and schemes of these Defendants and to allow these Defendants to have this case transferred to Chicago, IL would be a travesty of justice, would cause him untold financial burden and would, in effect, further Defendants' schemes to injure and damage Plaintiff and deplete his already limited resources. The United State Supreme Court held that:

> where ... only a money judgment is sought, the case normally is different. The fact that the claim involves complicated affairs of a foreign corporation is not alone a sufficient reason for a federal court to decline to decide it.[14]

---

[14] _American Seating Co. v. Bullard_, 6 Cir., 290 F. 896, 901, where stockholders of a New Jersey corporation, who did not consent to the sale of its assets pursuant to a plan of reorganization and refinancing, sued in the federal court in Michigan to recover the value of their stock; _United Milk Products Corp. v. Lovell_, 6 Cir., 75 F.2d 923 (semble); National Lock Co. v. Hogland, 7 Cir., 101 F.2d 576 (semble); _Overfield v. Pennroad Corp._, 3 Cir., 113 F.2d 6, where stockholders brought a derivative action in the federal court in Pennsylvania to recover for wrongs done their company, a Delaware corporation, by a Pennsylvania company; _Williamson v. Missouri-Kansas Pipe Line Co._, _supra_, (semble). Cf. _Kelley v. American Sugar Refining Co._, 1 Cir., 139 F.2d 76.

<u>Williams v. Green Bay & W.R. Co.</u> 326 U.S. 549 (66 S.Ct. 284) (1946). The Supreme Court of Georgia's most recent statement of the scope of its long-arm statute makes clear that under O.C.G.A. § 9-10-91(1), a court can exercise personal jurisdiction over a defendant who "transacts business" in the state of Georgia.[15]

In fact "this Court" previously ruled that, the "Supreme Court of Georgia's most recent statement of the scope of its long-arm statute makes clear that under O.C.G.A. § 9-10-91(1), a court can exercise personal jurisdiction over a defendant who 'transacts business' in the state of Georgia. <u>See</u> <u>Innovative Clinical & Consulting Services, LLC v. First National Bank of Ames</u>, --- Ga. ---- (2005), 279 Ga. 672, 620 S.E.2d 352, 2005 WL 2411673 (Oct. 3, 2005). **The physical presence of the defendant in Georgia is not required**. <u>Id</u>. Further, the court should not minimize the 'intangible contacts' of the defendant with the forum state. <u>Id</u>. ... the Georgia Supreme Court remanded the case for the trial court to determine whether it had personal jurisdiction considering the postal and telephonic contacts between the defendant and the forum state. <u>Id</u>." (Emphasis added) <u>Global Payments Direct, Inc. v. American Bank of Commerce</u>, *Not Reported in* F.Supp.2d, 2006 WL 269967, N.D.Ga.,2006.

**F.    DEFENDANTS SHOULD NOT BE AWARDED ATTORNEY'S FEES AND COSTS OF LITIGATION UNDER ANY THEORY OF STATE OR FEDERAL LAW**

---

[15]<u>See</u>, also, ¶ ¶ 3-5 above.

It is curious, the tempest unleashed by Defendants in their bare bones argument for dismissal of Plaintiff's complaint on *forum non conveniens* grounds becomes mysterious still, here, when these same Defendants want the laws and protections of Georgia, the true forum state, to mete out more injury to Plaintiff as attorney's fees and costs of litigation under **GEORGIA CODE SECTION 9-15-14(b)** and even cite to a federal case in **GEORGIA**!

There is no basis for their request for attorney's fees and costs of litigation; in fact, Defendants are the ones being "stubbornly litigious" and are again putting Plaintiff to "unnecessary trouble and expense" and it is Defendants who, throughout these incidents, to date, have acted, to put it mildly, "in bad faith." Here Plaintiff has expended extensive time, energy, resources and further depleted his limited resources defending Defendants' frivolous *Motion and Request*.

<u>Summary</u>:

Because Defendants have filed subject motion to dismiss, this Court must accept as true the factual allegations in Plaintiff's Complaint, as twice-amended [Docs. 1, 14 and 15]. <u>See</u>, *e.g.*, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164, (113 S.Ct. 1160) (1993). Taken as such, Plaintiff has withstood all of Defendants' issues in their *Renewed Motion and Request*, especially as Defendants have not initiated any discovery, have filed no

affidavits, have not presented any evidence, for the most part, just mere speculation and baseless conclusions (which are NOT evidence), have not presented this Court with a list of "other" documentary evidence housed in Chicago, IL which would not be able to be copied and mailed to Plaintiff and/or this Court (as would all-Georgia parties have to do in this Court), have not presented a list of "Chicago, IL" witnesses to refute Plaintiff's claims or support their defenses to same (whatever they are-Defendants have not even filed an Answer yet) and have not supplied this Court with sufficient reason to dismiss and/or transfer this matter (nor any legitimate, verifiable, non-litigious material facts supporting their *Motion and Request*).

Under Georgia law, questions concerning Georgia Code Section 9-15-14(b) attorney's fees and costs of litigation for, in part, "unnecessary trouble and expense," are, for the most part for the jury to decide; as are questions concerning the existence of a *bona fide* controversy.[16]

Defendants have failed to show why there is no *bona fide* controversy between the parties, especially given Plaintiff's Amended Complaint, his Affidavit and verification and his

---

[16]     See, *i.e.*, *Patton v. Turnage*, 260 Ga. App. 744, 580 S.E.2d 604 (2003); *Jones v. Ceniza*, 257 Ga. App. 806, 572 S.E.2d 362 (2002); *Buckley v. Turner Heritage Homes, Inc.*, 248 Ga. App. 793, 547 S.E.2d 373 (2001); Perimeter *Realty v. GAPI, Inc.*, 243 Ga. App. 584, 533 S.E.2d 136 (2000); *Garrett v. Women's Health Care of Gwinnett, P.C.*, 243 Ga. App. 53, 532 S.E.2d 164 (2000).

Certifications of Service upon Defendants and his explanations of the legitimate reasons for any delay and that there is no prejudice to these Defendants (in fact, there are the ones causing this delay and excessive trouble and expense for Plaintiff who is only seeking justice and his day in Court).

Under Georgia and federal law, Defendants have the burden of proof on all issues in their *Renewed Motion and Request*; a rather high burden, we believe, given Plaintiff's unrefuted claims, the facts surrounding the issues presented by Defendants in this case, Plaintiff's Amended Complaints and, in part, his affidavit and verification and the case law guiding this Court in deciding on Defendants' instant *Renewed Motion and Request*. The key here is that Defendants have failed to show, under any theory, that there is no *bona fide* controversy and without that showing, Defendants' *Renewed Motion and Request* fails[17]; and, without that showing by Defendants, this Court is not authorized to dismiss Plaintiff's case, transfer Plaintiff's case and/or award Defendants attorney's fees and/or costs of litigation.

WHEREFORE, Plaintiff prays that this Court DENY Defendants' Motion and Request and for such other and further relief this

---

[17] See, for example, *White v. Plumbing Distributors, Inc.*, 262 Ga. App. 228, 585 S.E.2d 135 (2003); *Patton v. Turnage*, 260 Ga. App. 744, 580 S.E.2d 604 (2003); *Graves v. Diambrose*, 243 Ga. App. 802, 534 S.E.2d 490 (2000); *Plemons v. Weaver*, 243 Ga. App. 464, 533 S.E.2d 747 (2000); *Owens v. McGee & Oxford*, 238 Ga. App. 497, 518 S.E.2d 699 (1999); and their progeny.

Court deems fair, just and equitable.

    This 27th day of May, 2008.

                       *VILLANI & ASSOCIATES, P.C.*
                        /s/ Ralph J. Villani
                       Ralph J. Villani
                       GA Bar No. 727700

2483 Heritage Village
Suite 16-404
Snellville, GA 30078-6140

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190
(E/M)  law2001@bellsouth.net   COUNSEL FOR PLAINTIFF

<u>COMBINED CERTIFICATION OF COMPLIANCE AND CERTIFICATE OF SERVICE</u>

    I certify that Plaintiff's within *RESPONSE* has been prepared in 12-point Courier New font and it complies with LR 5.1(B).

    I further certify that I, this day, electronically filed Plaintiff's *RESPONSE* with the Clerk of this Court using the CM/EMF system which will automatically send E-mail notification of such filing to the following attorney of record:

        Salmeh Fodor, Esq.   *skfodor@mklawllc.com*

    This 27th day of May, 2008.

                       *VILLANI & ASSOCIATES, P.C.*

                        /s/ Ralph J. Villani
                       Ralph J. Villani
                       GA Bar No. 727700

2483 Heritage Village<sup>18</sup>
Suite 16-404
Snellville, GA 30078-6140

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net
                       COUNSEL FOR PLAINTIFF

---

    <sup>18</sup> New mailing address for **Ralph J. Villani, Esquire,** Counsel for Plaintiff.

*Page 25 of  25*