IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FADIL DELKIC, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO.:  1:07-cv-1864-BBM |
| vs. | ) | |
| | ) | |
| VLADIMIR DJURDJEV, BOJAN | ) | *Hon Beverly B. Martin, Presiding* |
| ("BOB") PANIC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | *RESPONSE* |
| | ) | |

EMERGENCY OUT-OF-TIME-MOTION TO RESPOND IN OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO DISMISS COMPLAINT AND REQUEST FOR
ATTORNEY'S FEES AND AUTHORITY THEREFOR ("EMERGENCY MOTION")

Pursuant, in part, under Fed.R.Civ.Pro., Rule 6(b)(1)(B), Plaintiff moves this Court, on an emergency basis, to allow him through today to respond to Defendants' *Renewed Motion to Dismiss Complaint and Request For Attorneys' Fees* ("*Renewed Motion and Request*") and shows this Court as follows:

Preliminary Argument:

On or about May 8, 2008, during Plaintiff's counsel's leave of absence ("granted" through May 15, 2008) and while Plaintiff's counsel was out of the country on a religious pilgrimage to Italy, Defendants filed their *Renewed Motion to Dismiss.* Because of a virus and resultant word processing and critical data base problems, counsel was not able to start preparing Plaintiff's *Response* until this morning.

Said *Response* was filed today [Doc 30] and according to the

*Page 1 of 5*

Local Rules (adding the *three-days for mailing* as allowed), Plaintiff's counsel calculated that said response was not due until 18 days after said Defendants' filing (*e.g.*, due on or before May 26, 2008), however, when the undersigned filed said *Response* he noticed this Court's deputy had already submitted Defendants' motion to this Court for resolution [Doc. 29].

Counsel for Plaintiff must have miscalculated to response time, however, due to the virus that corrupted files during said leave of absence and aforementioned word processor and critical data base problems, Plaintiff's Response would not have been timely had counsel correctly calculated subject response time.

This is excusable neglect on counsel's part and this Court should grant this extension(also, Defendants knew that counsel would be out of the country and filed their motion anyway).

<u>Argument and Citation to Authority</u>:

This Court has the inherent and equitable power to control matters before it and the discretion to allow for the extra time.

Plaintiff's verified amended complaint has merit and his basis for jurisdiction and venue are compelling.

Recall, "in considering a defendant's motion to dismiss, the court must accept the plaintiff's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984), and construe the complaint in the plaintiff's favor. *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). In order to survive a motion to dismiss, a

complaint need not contain "detailed factual allegations," but must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) ( *quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Ultimately, the complaint must only contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A court reviewing a motion to dismiss must remember that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984)); *Hall v. RTM Restaurant Group, S.E.,* 2006 WL 83428, *2 (N.D.Ga.2006) ( *quoting Wein v. American Huts, Inc.,* 313 F.Supp.2d 1356, 1359 (S.D.Fla.2004))." Pinkston v. Atlanta Regional Comm'n, 2007 WL 4224814 (N.D.Ga.) (N.D.Ga.,2007).

Excusable neglect has been defined in federal courts in this circuit, in part, as a "fluid term" amenable to the Court's equitable considerations:

> the enlargement of prescribed time periods under the "excusable neglect" standard of Rule [6(b)(1)(B)] is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.
>
> [The United States Supreme Court's] view that the phrase "excusable neglect" found in ... Rule [6(b)(1)(B)] is not limited as [Defendants] would have it is also strongly supported by the Federal Rules of Civil Procedure, which use that phrase in several places. ... Under Rule

6(b)[(1)(B)], where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." ... there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b)[(1)(B)], the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b)[(1)(B)] is a somewhat "elastic concept"  and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (113 S.Ct. 1489) (U.S.Tenn.,1993)

WHEREFORE, Plaintiff prays that this Court GRANT his instant motion and allow him through today, May 26, 2008, to respond to Defendants' *Renewed Motion and Request* and for such other and further relief this Court deems fair, just and equitable.

This 27th day of May, 2008.

*VILLANI & ASSOCIATES, P.C.*

 /s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2483 Heritage Village
Suite 16-404
Snellville, GA 30078-6140

(TEL) (770) 985-6773
(FAX) (770) 979-5190

(E/M) law2001@bellsouth.net

COUNSEL FOR PLAINTIFF

<u>COMBINED CERTIFICATION OF COMPLIANCE AND CERTIFICATE OF SERVICE</u>

I certify that Plaintiff's within *Emergency Motion* has been prepared in 12-point Courier New font and it complies with LR 5.1(B).

I further certify that I, this day, electronically filed Plaintiff's *Emergency Motion* with the Clerk of this Court using the CM/EMF system which will automatically send E-mail notification of such filing to the following attorney of record:

Salmeh Fodor, Esq.   *skfodor@mklawllc.com*

This 27th day of May, 2008.

*VILLANI & ASSOCIATES, P.C.*

 /s/ Ralph J. Villani
Ralph J. Villani
GA Bar No. 727700

2483 Heritage Village[1]
Suite 16-404
Snellville, GA 30078-6140

(TEL)  (770) 985-6773
(FAX)  (770) 979-5190

(E/M)  law2001@bellsouth.net

COUNSEL FOR PLAINTIFF

---

[1] New mailing address for **Ralph J. Villani, Esquire**, Counsel for Plaintiff.

*Page 5 of  5*