IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FADIL DELKIC,

          Plaintiff,

    v.

VLADIMIR DJURDJEV and BOJAN
("BOB") PANIC, et al.,

          Defendants.

CIVIL ACTION FILE

NO. 1:07-CV-1864-BBM

## O R D E R

This matter is before the court on the Renewed Motion to Dismiss Complaint and Request for Attorney's Fees filed by Defendants Vladimir Djurdjev ("Mr. Djurdjev") and Bojan Panic ("Mr. Panic") (collectively, "Defendants") [Doc. No. 29]. Also before the court is Plaintiff Fadil Delkic's ("Mr. Delkic") Emergency Out-of-Time-Motion to Respond in Opposition to Defendants' Renewed Motion to Dismiss Complaint and Request for Attorney's Fees and Authority Therefor [Doc. No. 31], which is hereby granted.

## I.    Factual and Procedural Background[1]

Mr. Delkic has alleged a variety of claims arising out of his employment as a truck driver with Defendants' trucking businesses.   He was employed by

---

[1] The facts are recounted from the Complaint, and do not constitute findings of fact by the court.

Defendants from late 2003 through August 2004.  In August of 2004, Mr. Delkic purchased his own truck and entered into an agreement with Defendants to become an owner-operator under Defendants' brokerage firm, United.  Mr. Delkic has sued Mr. Djurdjev and Mr. Panic individually, but alleges that they are the alter egos of several other companies, including United Cargo, Inc., United Cargo/Maruntel Trucking, Maruntel Trucking, Inc., Corneliu Maruntel, United 2 Logistics, Inc., and John Doe Corporation.  The court will refer to the trucking business that employed Mr. Delkic as "United" for simplicity's sake.

Mr. Delkic filed this lawsuit on August 7, 2007.  Among other incidents detailed in the Complaint, Defendants allegedly informed Mr. Delkic that he would be paid per mile driven, rather than an hourly wage, docked his pay in the amount of $1000 for an accident he had while on the job, required him to pay into an escrow fund, and charged him a variety of fees.  Mr. Delkic alleges that Defendants illegally converted the funds that were rightfully owed him and engaged in money laundering to hide their assets from him.  Mr. Delkic claims he was targeted because he is Bosnian, is in this country on a work visa and is suspicious of law enforcement, and was at one time confined in a Serbian prison camp.  Defendants both are or pretended to be Serbian.  Mr. Delkic alleges the following federal causes of action: mail fraud; wire fraud; conspiracy; false swearing; extortion; and violation of the

federal Racketeering Influenced and Corrupt Organizations Act ("RICO"); and the following state causes of action:  violation of Georgia RICO; theft by conversion; theft by deception; fraud; breach of contract and/or breach of fiduciary duty; conspiracy; false swearing; extortion; and stubborn litigiousness.

On April 4, 2008, this court granted Mr. Delkic one opportunity to amend his Complaint.  The court expressed serious doubts over whether it could properly exercise personal jurisdiction over Defendants and whether venue is proper in the Northern District of Georgia, and invited Mr. Delkic to address those concerns in the Amended Complaint.  Mr. Delkic filed his Amended Complaint on May 3, 2008, and Defendants have moved to dismiss on four grounds:  lack of personal jurisdiction; improper venue; forum non conveniens; and lack of timely service of process. Defendants also request that they be awarded their attorneys' fees under O.C.G.A. § 9-15-14.

## II.    Analysis

### A.    Lack of personal jurisdiction[2]

In order to exercise personal jurisdiction over an out-of-state defendant, a court must establish that it has jurisdiction both under the long-arm statute of the

---

[2] Where both jurisdiction and venue are challenged, the question of jurisdiction is typically decided in advance of venue.  Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

state in which it sits and under the due process clause of the Constitution.[3] See Sloss

Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (diversity action); Club

Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 784 (11th Cir. 2004). This

court sits in Georgia and will look to the Georgia long-arm statute. Consistent with

due process, the court may exercise jurisdiction over a defendant only where there

are minimum contacts between the defendant and the forum state "such that the

maintenance of the suit does not offend traditional notions of fair play and

substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)

(citation and internal quotations omitted).

     In evaluating a motion to dismiss for lack of personal jurisdiction, the court

must take plaintiff's undisputed allegations as true, and must construe disputed

facts in a light favorable to the plaintiff. Madara v. Hall, 916 F.2d 1510, 1514 (11th

Cir. 1990). The motion will fail if the plaintiff can allege sufficient facts to support

a reasonable inference that the court does have jurisdiction over the defendant.

Jackam v. Hosp. Corp. of Am. Mideast, 800 F.2d 1577, 1579 (11th Cir. 1986).

     The Georgia long-arm statute extends personal jurisdiction over any

nonresident who "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1).

---

[3] The court notes that it is determining the existence of "specific jurisdiction," that is, jurisdiction based on the activities giving rise to the lawsuit. See Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000). Mr. Delkic does not assert that defendants are subject to jurisdiction in this court on a "general jurisdiction" theory.

> Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Aero Toy Store v. Grieves, 279 Ga. App. 515, 517-18, 631 S.E.2d 734, 737 (2006) (citation and internal quotations omitted). Mr. Delkic alleges that Defendants transacted business with him by serving as brokers for loads he transported and contacting him in Georgia regarding load shipments. He avers that he transported 48 loads through Georgia at Defendants' behest. The allegations are sufficient to conclude that Defendants transacted business within the state of Georgia within the meaning of its long-arm statute.

The exercise of this court's jurisdiction over Defendants does not violate due process or "offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (citation and internal quotations omitted). The connection between Defendants and Georgia is not "random, fortuitous, or attenuated." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations and internal quotations omitted). The Eleventh Circuit has articulated three criteria comprising the minimum contacts inquiry:

> a defendant's contacts with the forum state must . . . be related to the plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the

privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there.

Sloss Indus., 488 F.3d at 925 (citation and internal quotations omitted). According to Mr. Delkic's affidavit, Defendants' contacts with him in Georgia were related to his employment. The employment relationship underlies all of Mr. Delkic's claims against Defendants. In reaching out to Mr. Delkic in Georgia, Defendants purposefully availed themselves of the privilege of conducting activities within Georgia, and should reasonably have anticipated being haled into court here. Accordingly, this court's exercise of personal jurisdiction over Defendants satisfies the Georgia long-arm statute and comports with due process. The Motion to Dismiss on this ground is denied.

## B.    Improper venue

A civil action in which federal jurisdiction is founded only on diversity of citizenship may be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[4] 28 U.S.C. § 1391(a). On a motion to dismiss for improper venue, the plaintiff bears the burden of showing

---

[4] The action may also be brought in "a judicial district where any defendant resides, if all defendants reside in the same State," or "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Neither of the Defendants in this case reside in Georgia, and Mr. Delkic does not allege and the court does not believe that there is no district in which the action may otherwise be brought.

that his chosen venue is proper. <u>Wai v. Rainbow Holdings</u>, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). The court must accept as true all allegations made in the complaint, unless they are contradicted by affidavits submitted by the defendants, in which case the court may examine facts outside of the complaint to determine whether venue is proper. <u>Id.</u> Two questions are relevant to the analysis: what acts or omissions by the defendants gave rise to the claims; and, of those acts, did a substantial part of them take place in Georgia? <u>Jenkins Brick Co. v. Bremer</u>, 321 F.3d 1366, 1372 (11th Cir. 2003).

Mr. Delkic's allegations regarding venue are extremely spare, despite the urging of this court that he support his choice of forum.[5]  He alleges that

> Venue is proper in this Court, in part, as indicated in the *Initial Remarks* above, as sworn to by Plaintiff in his attached and incorporated Affidavit (and verification), as indicated in Plaintiff's Response to Defendants' *Motion and Request* (which is incorporated by reference herein) and, at all times relevant hereto, Plaintiff resided (and still resides) and his business location was (and still is) within this Court's judicial district and within the physical boundaries of the Atlanta Division thereof (note: at all times relevant hereto, Plaintiff works, and still works, out of his home in Snellville, Georgia when not on the road delivering or picking up loads).

(Verified Am. Compl. & Jury Demand 4.)  In his affidavit, Mr. Delkic avers that

---

[5] Indeed, it appears to the court that the section of Mr. Delkic's Amended Complaint addressing venue has been copied verbatim from the section of his original Complaint that the court believed was insufficient to show proper venue.  (<u>See</u> Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Compl. & Request for Attorney's Fees and Authority Therefor 10.)

1.  At all times relevant hereto, I was a sole-proprietor and an over-the-road truck driver and my business was in Georgia.

2.  Defendants, at all times relevant hereto, were brokers for, in part, the movement and hauling of shipments ("loads") from, through and to Georgia.

3.  Defendants, at all times relevant hereto, usually contacted me in Georgia for said loads and facsimiled or e-mailed confirmations of said loads to me here in Georgia.

4.  At all times relevant hereto, I picked up twenty-six (26) loads in Georgia.

5.  At all times relevant hereto, I delivered twenty-two (22) loads in Georgia, also.

6.  Thus, at minimum, Defendants were knowingly and purposefully involved with me in their enterprises reaching into Georgia for an aggregate total of forty-eight (48) loads into and out of Georgia and they knowingly and purposefully depended upon and used the laws of Georgia for, in part, their protection and benefit; i.e., there were minimum contacts.

(Aff. of Fadil Delkic ¶¶ 1-6.) Finally, in response to Defendants' challenge to venue in Georgia, Mr. Delkic states that he

bases venue in this Court, not only on Plaintiff's residence here in Georgia, but on, in part, Defendants' acts and omissions and conspiracies to commit or omit same, done individually and/or in concert with each other or others, affecting Plaintiff, a Georgia resident, and, thus, the Georgia Long-Arm Statute, [sic], and/or Defendants' contacts with Georgia during the commission of and/or furtherance of said egregious acts, their schemes, RICO activities, racketeering activities, nefarious activities, and the like as outlined in Plaintiff's Renewed Amended Complaint.

(Pl.'s Resp. in Opp'n to Defs.' Renewed Mot. to Dismiss Compl. and Request for

Attorney's Fees and Authority Therefor 17-18.)

Mr. Delkic's arguments in support of venue appear to be at least partly based on the "minimum contacts" personal jurisdiction approach that was rejected by the Eleventh Circuit in <u>Jenkins Brick</u>.  <u>See</u> <u>Careplus Health Plans, Inc. v. Crespo</u>, No. 8:05CV2010-T-27MAP, 2006 WL 1382102, at *1 & n.4 (M.D. Fla. May 19, 2006).  The proper analysis should consider "only those acts and omissions that have a close nexus to the wrong."  <u>Jenkins Brick</u>, 321 F.3d at 1372.  The only acts that Mr. Delkic alleges in support of venue in Georgia are his own actions within the state, and his presence here.  The litany of wrongful actions allegedly taken by Defendants all took place outside of Georgia.

The specific allegations that Mr. Delkic makes all involve places other than Georgia.  For example, Mr. Delkic alleges that Defendants mimicked the postures and voices of Serbian concentration camp officials and kept a soldier's knife with "ethnic cleansing" significance in the business office cafeteria. (Verified Am. Compl. & Jury Demand 8 n.2.)  The business address provided by Mr. Delkic in his Amended Complaint is in Illinois.  Another incident that Mr. Delkic complains of, in which he was involved in a traffic accident for which Defendants docked his pay, took place in South Carolina on an assignment to deliver a load from North Carolina to South Carolina.  (<u>Id.</u> at 13.)  Mr. Delkic alleges that Defendants "hoodwinked" him and other drivers by reporting to the IRS and to the state of Illinois that the

drivers were paid the full 36 cents per mile, when in fact Defendants allegedly converted 18 cents per mile. (<u>Id.</u>) Moreover, the fees to which Mr. Delkic objects were all imposed by United, which, according to Mr. Delkic, is located in Illinois.[6] (<u>See</u> <u>id.</u> at 16-18.) Mr. Delkic also makes a series of allegations concerning the corporate entities, registrations, and locations of Defendants' businesses, which were routinely altered in order to launder funds and hide assets. (<u>See</u> <u>id.</u> at 14-15.) There are no allegations in the Complaint that these businesses were located anywhere other than Illinois, and certainly nothing to suggest that they were located in Georgia.

Though Mr. Delkic lives in Georgia and delivered, by his count, 48 loads in and out of Georgia, he does not tie those facts to any of the conduct by Defendants that gave rise to this lawsuit. Mr. Delkic's deliveries and pick-ups in various states, including Georgia, are not the acts with the close nexus to the wrongs in the Amended Complaint. The venue statute "protects defendants, and Congress therefore meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." <u>Jenkins Brick</u>, 321 F.3d at 1371-72 (citation and internal quotations

---

[6] Mr. Delkic lists numerous other companies that served as brokers, lessors, and insurers for United and its trucks and cargoes. Though Mr. Delkic has not asserted claims against those companies, many of them include "Chicago" or "Illinois" in their names and the addresses Mr. Delkic provides are Illinois locations. (<u>See</u> Verified Am. Compl. & Jury Demand 19-20.) This information bolsters the court's conclusion that the substantial part of the activities of which Mr. Delkic complains took place in Illinois.

omitted).  Defendants' acts and omissions that allegedly amount to fraud, theft, conversion, extortion, and other violations of the law took place in Illinois, where Defendants and their businesses are all located.

In sum, Mr. Delkic has not carried his burden to establish that venue is proper in the Northern District of Georgia.  Mr. Delkic appears to believe that because he himself is located in Georgia, he may properly bring suit here.  However, under the law of the Eleventh Circuit, venue is only proper where a substantial part of the events giving rise to the cause of action took place.  Based on Mr. Delkic's own Amended Complaint and Affidavit, it is clear that the substantial part of the events upon which this action is based did not take place in Georgia.

When venue is laid in the wrong district, the district court shall dismiss the case or, if it be in the interest of justice, transfer it to any district in which it could have been brought.  28 U.S.C. § 1406(a).  The purpose of this rule is to avoid the harsh result of dismissal where such dismissal would terminate the plaintiff's right because the statute of limitations had run.  E.g., Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001).  Though neither party has requested a transfer, the court finds it appropriate to do so in light of the risk to some of Mr. Delkic's claims due to the various applicable statutes of limitations.  Venue is proper in any district in which a defendant resides, if all defendants reside in the same state.  According to Mr.

Delkic's allegations, the defendants reside in Illinois. The court takes judicial notice of the fact that both Westchester, Illinois and Elk Grove, Illinois are located in the Northern District of Illinois. (See Compl. ¶¶ 5, 10.) Therefore, transfer to the Northern District of Illinois is appropriate pursuant to 28 U.S.C. § 1406.

### C.    Forum non conveniens

The federal doctrine of forum non conveniens allows a court to dismiss a case, even if jurisdiction and proper venue are established, if an alternative forum has jurisdiction to hear a case and trial in the chosen forum would be oppressive and vexatious to the defendant out of all proportion to the plaintiff's convenience. Am. Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994). However, after the enactment of 28 U.S.C. § 1404, which allows a defendant to request a transfer to a more convenient forum, the doctrine "has continuing application only in cases where the alternative forum is abroad." Id. at 449 n.2. Here, there exists an alternative federal forum in which this case could have been brought and to which it could be transferred. See, e.g., Leath v. Wells, No. 3:06cv480/LAC/MD, 2006 WL 3747304, at *2 (N.D. Fla. Dec. 18, 2006). The doctrine of forum non conveniens is inapplicable.

-12-

**D.    Failure to timely serve process**

As mentioned above, Mr. Delkic filed this action on August 7, 2007.   On December 12, 2007, the court ordered him to show cause why service had not been timely effected.   Documents filed by Mr. Delkic reveal that both Defendants were finally served on December 12, 2007.   Federal Rule of Civil Procedure 4(m) requires that a defendant be served with 120 days after the filing of the complaint.   The court may extend that time period for good cause shown.   Additionally, even in the absence of good cause, the court has discretion to extend the time for service of process.   Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).   Mr. Delkic has described the steps he took to effect timely service, which he ultimately achieved only seven days late.   The court finds it appropriate to extend the time for service of process, and declines to dismiss the case on that ground.

**E.    Attorneys' fees**

Defendants request their attorneys' fees under O.C.G.A. § 9-15-14.   "By its terms, OCGA § 9-15-14 only applies to civil actions brought in courts of record in this state."   Great W. Bank v. Se. Bank, 234 Ga. App. 420, 421, 507 S.E.2d 191, 192 (1998); see also Carbajal-Ramierez v. Bland Farms, Inc., 234 F. Supp. 2d 1353, 1355 (S.D. Ga. 2001) ("[T]he very text of Georgia's frivolous litigation statute, O.C.G.A. § 9-15-14(a), specifies that it does not apply to a federal court even if that court sits

in Georgia."); <u>Bruce v. Wal-Mart Stores, Inc.</u>, 699 F. Supp. 905, 906 (N.D. Ga. 1988) (Forrester, J.) ("[S]ection 9-15-14 is unavailable to civil litigants in federal court."). This action was brought in federal court, so Section 9-15-14 is unavailable to Defendants. The request for attorneys' fees is denied.

## III.    <u>Conclusion</u>

For the foregoing reasons, the Defendants' Renewed Motion to Dismiss Complaint and Request for Attorney's Fees [Doc. No. 29] is GRANTED IN PART and DENIED IN PART. Plaintiff's Emergency Out-of-Time-Motion to Respond in Opposition to Defendants' Renewed Motion to Dismiss Complaint and Request for Attorney's Fees and Authority Therefor [Doc. No. 31] is GRANTED. This case is hereby TRANSFERRED to the Northern District of Illinois pursuant to 28 U.S.C. § 1406.

IT IS SO ORDERED, this 16th day of June, 2008.


s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE